331 A.2d 205

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Horace HETHERINGTON, Appellee.**

Supreme Court of Pennsylvania.

Argued Nov. 13, 1974.

Decided Jan. 27, 1975.

18

————◆————

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Division, Karl K. Lunkenheimer, Asst. Dist. Atty., James A. Shellenberger, Asst. Dist. Atty., Chief, Motions Div., Abraham J. Gafni, Deputy Dist. Atty. for Law, Philadelphia, for appellant.

Howard E. Davidson, Philadelphia, for appellee.

Before JONES, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

NIX, Justice.

Appellee, Horace Hetherington, a Title Inspector for the Commonwealth of Pennsylvania, was arrested on charges of blackmail,[1] extortion,[2] receiving a bribe,[3] malfeasance,[4] misfeasance,[5] and nonfeasance of office.[6] These charges stemmed from accusations made by a Philadelphia motor vehicle dealer that appellee had offered to "handle" certain irregularities on titles to vehicles owned by the dealer.

Following a preliminary hearing the magistrate held appellee for action by the grand jury on charges of receiving a bribe, malfeasance, misfeasance, and nonfea-

1. See Penal Code of 1939, P.L. 872, § 801, 18 P.S. § 4801.

2. Id. § 318, 18 P.S. § 4318.

3. Id. § 303, 18 P.S. § 4303.

4. Id. § 1101, 18 P.S. § 5101.

5. Id.

6. Id.

sance in office. The charges of blackmail and extortion were dismissed.

Appellee then filed a "Motion to Quash" as to the four charges upon which he was held. This motion was presented to a judge of the Court of Common Pleas, who, after a hearing, granted the motion. The Commonwealth then moved to rearrest appellee on all charges by way of a petition filed and heard by another judge of the same court.

The latter judge, believing that the doctrine of res judicata and the orderly administration of justice precluded one judge of the Court of Common Pleas from reversing the order of another, denied the petition without a hearing. The Superior Court affirmed and this Court granted allocatur.

The position of the Commonwealth may best be analyzed by considering first their claimed denial of a right to rearrest as to those charges initially discharged by the committing magistrate and then a consideration of their claim that the second common pleas judge should have reviewed the action of another judge of the same court who had determined a committing magistrate to be in error in making a finding of a prima facie case.

▆ In *Commonwealth ex rel. Maisenhelder v. Rundle,* 414 Pa. 11, 15–16, 198 A.2d 565, 567 (1964), we described the function of a preliminary hearing under Pennsylvania law as:

"The primary reason for preliminary hearing is to protect an individual's right against unlawful arrest and detention. It seeks to prevent a person from being imprisoned or required to enter bail for a crime which was never committed, or for a crime with which there is no evidence of his connection. It is not a trial in any sense of the word. It does not purport or attempt to determine the guilt or innocence of the ac-

cused, nor is he required to speak, plead or offer testimony in defense." (Citations omitted).

A finding by a committing magistrate that the Commonwealth has failed to establish a prima facie case is not a final determination, such as an acquittal, and only entitles the accused to his liberty for the present, leaving him subject to rearrest. In *McNair's Petition,* 324 Pa. 48, 54, 187 A. 498, 501 (1936), we observed:

"When the magistrate believes that probable cause to hold the defendant has not been proven, he may discharge him; . . .. If the commonwealth deems itself aggrieved by his decision it may bring the matter again before any other officer empowered to hold preliminary hearings." (Citations omitted).

In *Riggins Case,* 435 Pa. 321, 254 A.2d 616 (1969), we reaffirmed the view set forth in *McNair's Petition, supra,* and held that the principle applies also where the officer sitting as a committing magistrate is a judge of the Court of Common Pleas and the evidence presented at the second proceeding is identical to that offered in the first. Thus, it has been firmly established under our law that a determination by a committing magistrate that a prima facie case has not been proven is interlocutory in nature and therefore not appealable. *Riggins Case, supra.* We therefore agree with the position of the Commonwealth that their only recourse as to the dismissal of the blackmail and extortion charges was rearrest. The court could quite properly have exercised its discretion to make an independent determination as to the existence of a prima facie case relating to the charges of blackmail and extortion and was in no way divested of its power by the action of the magistrate [7]. However, where as here it was stipulated that no additional evidence was to be presented in the subsequent proceeding we cannot say that a judge who refuses to en-

7. These two charges were not considered in the proceedings before the first judge of the Court of Common Pleas.

tertain a petition for rearrest has abused her discretion. This does not preclude the Commonwealth from seeking a review by another judicial officer, empowered to hold preliminary hearings, provided that it is done within the period prescribed by the statute of limitations for the charges in question.

■ We have long recognized the principle that a ruling of a court below will not be overturned where there is a legitimate basis for its support even though an incorrect reason has been assigned. *International Union of Operating Engineers, Local 66, AFL–CIO v. Linesville Construction Co. et al.*, 457 Pa. 220, 322 A.2d 353, 356 (1974); *Sherwood v. Elgart*, 383 Pa. 110, 115, 117 A.2d 899, 901–902 (1955). Under these circumstances, where no additional testimony was sought to be offered in the subsequent proceeding, a judicial officer may properly exercise his discretion by refusing to entertain the petition for rearrest.

■■ The confusion surrounding the second issue is in large measure due to a misunderstanding as to the nature of the proceeding involved. The appellee incorrectly styled his application as a "Motion to Quash" the transcript of the committing magistrate which he asserts to be in the nature of a demurrer. A demurrer however is a trial motion which is properly entertained only after the Commonwealth has presented its case in chief. 1937, June 5, P.L. 1703, No. 357, § 1; 19 P.S. § 481. The established and accepted method for testing a finding of a prima facie case pre-trial, within this jurisdiction, has been by a writ of habeas corpus. 1937, July 1, P.L. 2664, § 2; 12 P.S. § 1893.

■ Nor can we accept the Commonwealth's position that the proceeding before the second common pleas judge should be considered as a petition for rearrest. This ignores the fact that the committing magistrate originally held these charges for action by the grand

jury. When the matter was reviewed by the first common pleas judge it was in the nature of a petition for a writ of habeas corpus which is a proper subject for appellate review. Act of May 25, 1951, P.L. 415, § 7 as amended, Act of June 3, 1971, P.L. 143, No. 6, § 1, 12 P. S. § 1907 (Supp.1974–75). See also *Commonwealth ex rel. Tiller v. Dye*, 177 Pa.Super. 388, 391, 110 A.2d 748 (1955) and cases cited. The Commonwealth's failure to perfect a timely appeal from that order precludes a consideration of the merits at this time.

For the reasons stated herein we affirm the order of the court below.

ROBERTS, J., would dismiss the appeal as improvidently granted.

EAGEN, J., took no part in the consideration or decision of this case.