535 A.2d 176

COMMONWEALTH of Pennsylvania, Appellant,

v.

William R. TAIT, Appellee.

Superior Court of Pennsylvania.

Argued Feb. 20, 1987.

Filed Dec. 29, 1987.

Kenneth A. Osokow, Assistant District Attorney, Williamsport, for Com., appellant.

Scott Waters, Williamsport, for appellee.

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

OLSZEWSKI, Judge:

In this appeal, the Commonwealth challenges an order dismissing a charge of driving under the influence of alcohol. We reverse the order and reinstate the charge.

On November 3, 1985, appellee William Tait was arrested on a charge of driving under the influence. Pursuant to Pa.R.Crim.P. 130(b),[1] he was promptly released from custody, and on November 7, 1985, a complaint was timely filed in accordance with Pa.R.Crim.P. 130(d). A preliminary hearing was held on February 10, 1986. Because the Commonwealth was unable to locate a witness, the charge was dismissed.

A second complaint was filed on February 26, 1986, and a summons was issued scheduling a second preliminary hearing. Appellee filed a motion to dismiss the refiled charge, and, following a hearing on that motion, the complaint was dismissed as having been filed in violation of the rule established in *Commonwealth v. Hatcher*, 345 Pa.Super.

---

1. Rule 130 provides as follows:

   (a) Except as provided in paragraphs (b) or (c), when a defendant has been arrested without a warrant in a court case, a complaint shall be filed against the defendant and the defendant shall be afforded a preliminary arraignment by the proper issuing authority without unnecessary delay.

   (b) When a defendant has been arrested without a warrant for driving under the influence of alcohol or controlled substances, the arresting officer may, when he deems it appropriate, promptly release the defendant from custody rather than taking him before the issuing authority.

      *   *   *   *   *   *

   (d) When a defendant is released pursuant to paragraphs (b) or (c), a complaint shall be filed against the defendant within five (5) days of the defendant's release. Thereafter, a summons, not a warrant of arrest, shall be issued and the case shall proceed as provided in Rule 110.
   Pa.R.Crim.P. 130.

481, 498 A.2d 925 (1985). Specifically, the court found that the dismissal of the first complaint was warranted because the Commonwealth had failed to establish a *prima facie* case at the preliminary hearing. Relying upon *Hatcher,* the Court concluded that the Commonwealth was barred from refiling the charge against appellee. The Commonwealth now questions the propriety of the order dismissing the second complaint.

Our disposition of this matter is controlled to a great extent by the recent decision of our Supreme Court in *Commonwealth v. Revtai,* 516 Pa. 53, 532 A.2d 1 (1987), a decision which overruled *Hatcher.* Upon an examination of the circumstances at issue in *Hatcher,* our Supreme Court made clear that the Commonwealth is not barred from rearresting a defendant following a dismissal at the preliminary hearing, provided the statute of limitations has not expired. *Revtai,* 516 Pa. at 74, 532 A.2d at 11, *citing, Commonwealth v. Hetherington,* 460 Pa. 17, 331 A.2d 205 (1975). Importantly, it was the belief of the *Revtai* Court that where an original charge of driving under the influence was dismissed, a defendant "stands in the same position as all other criminal defendants who are subjected to rearrest after a favorable preliminary hearing determination." *Id., citing, Commonwealth v. Genovese,* 493 Pa. 65, 425 A.2d 367 (1981). As for the applicability of Rule 130 to a rearrest situation, the Court stated: "[w]here the arrest is for a crime which falls under Rule 130, the Rule will apply from the date of the rearrest." *Id.* Noting that the complaint against Mr. Hatcher had been filed the same day as his rearrest, the Court found no violation of Rule 130(d). *Id.*

■ Under the rule of *Revtai,* the Commonwealth acted properly in refiling the charge against appellee. Instantly, the record indicates that the first complaint against appellee was dismissed at the preliminary hearing because the Commonwealth was unable to locate a witness and, thus, had failed to establish a *prima facie* case. Under such circumstances, the first complaint was a nullity and appellee was

subject to rearrest. *See Genovese*, 493 Pa. at 70, 425 A.2d at 370. *See also, Revtai*, 516 Pa. at ——, 532 A.2d at 11.

■ We believe, however, that *Revtai* does not govern our resolution of the question regarding the application of Rule 130. As we noted above, the *Revtai* Court found no Rule 130 violation because the second complaint was filed the same day that Mr. Hatcher was rearrested. According to the record before us, the proceedings against appellee were initiated when the second complaint was filed;[2] thereafter, appellee was "rearrested." Given that this case proceeded on a complaint, not upon an arrest and the subsequent filing of a complaint, we conclude that Rule 130 is inapplicable to the present case. Consequently, we need not concern ourselves with the five day limitation of Rule 130(d).

Order reversed. The complaint is reinstated and the case is remanded for trial. Jurisdiction is relinquished.

---

**2.** *See* Pa.R.Crim.P. 101 (listing four means by which court proceedings are instituted). *See also, Commonwealth v. Levesque,* 469 Pa. 118, 364 A.2d 932 (1976) (discussing alternative means of instituting proceedings pursuant to Rule 101).