538 A.2d 546

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Albert SANDLY.**

Superior Court of Pennsylvania.

Submitted Sept. 23, 1987.

Filed Feb. 22, 1988.

Andrew Jarbola, Assistant District Attorney, Scranton, for Comm., appellant.

Charles R. Witaconis, Assistant Public Defender, Scranton, for appellee.

Before CIRILLO, President Judge, and TAMILIA and KELLY, JJ.

TAMILIA, Judge:

This is an appeal from the Order granting appellee's petition for writ of habeas corpus and dismissing the criminal complaint, pursuant to Pa.R.Crim.P. 130(d).

On August 12, 1986, a complaint was issued against appellee, Albert Sandly, charging him with a violation of

driving under the influence of alcohol (75 Pa.C.S.A. § 3731) arising out of an incident on the night of August 8, 1986.

A preliminary hearing was scheduled for September 9, 1986, at which time the district justice dismissed the charge due to the prosecuting officer's failure to appear for the hearing. Appellee was then rearrested on the same charge pursuant to a written complaint which was issued on September 11, 1986.

Prior to the second preliminary hearing, which was scheduled for October 7, 1986, defense counsel made a motion for dismissal of the charge contained in the second complaint on the grounds the complaint was issued in violation of Pa.R. Crim.P. 130(d). Upon denial of this motion by the presiding district magistrate, appellee waived his preliminary hearing. Appellee subsequently filed a petition for writ of habeas corpus wherein he requested the Court of Common Pleas of Lackawanna County dismiss the charges against him on Rule 130(d) grounds, and on February 19, 1987, the court issued an Order and Opinion dismissing the criminal complaint.

In its Opinion, the trial court relied on this Court's decision in *Commonwealth v. Hatcher*, 345 Pa.Super. 481, 498 A.2d 925 (1985), since overturned by our Supreme Court in *Commonwealth v. Revtai, et al.*, 516 Pa. 53, 532 A.2d 1 (1987) (including *Commonwealth v. Hatcher* at No. 27 W.D. Appeal Docket 1986), and also relied on *Commonwealth v. Hagerman*, 358 Pa.Super. 253, 517 A.2d 189 (1986) (allocatur pending 309 M.D. Alloc. Dkt. 1986) in granting the writ of habeas corpus. In *Hatcher*, the Superior Court held "the dismissal of charges at a preliminary hearing precludes rearrest and subsequent prosecution when the second arrest occurs after the five day period for filing charges pursuant to Pa.R.Crim.P. 130(d)." In *Hagerman*, we held that if dismissal of the first complaint against the defendant was due to lack of due diligence by the Commonwealth, then the filing of a second complaint beyond the five-day period as required by Rule 130(d) is not proper and must be voided. The *Hagerman* Court could not ascertain from the

record the reason for dismissal of the charges against the defendant and the case was remanded for such a determination.

The trial court in this case cited *Hagerman* as authority for granting appellee's petition to dismiss and held that since the dismissal of the first complaint against appellee was due to a lack of due diligence by the Commonwealth, then the filing of the second complaint beyond the five-day period as required by Rule 130(d) was not proper. Unlike *Hagerman*, however, the court did not provide the Commonwealth an opportunity to establish a plausible explanation for its dereliction nor did it provide the defendant an opportunity to show prejudice.

The Commonwealth (as this case was submitted prior to the Supreme Court decision in *Revtai*) argues dismissal of the complaint herein would constitute a mechanical application of Rule 130(d) prohibited by the court in *Commonwealth v. Schimelfenig*, 361 Pa.Super. 325, 522 A.2d 605 (1987), as appellee has made no showing of prejudice. The dissent argues this case is controlled by the Supreme Court's decision in *Revtai*, and that in addition to *Hatcher*, *supra*, the *Hagerman* case has been overruled, and that appellee's rights under Rule 130(d) were not violated. *Hagerman* is still pending before the Supreme Court and it is unlikely it would still be pending if it was controlled by *Revtai*.

The *Revtai* decision relied heavily on this Court's recent decision in *Schimelfenig, supra*, where we held that a criminal complaint which technically violates Rule 130(d) will not be dismissed absent a showing of prejudice to the defendant.

The Supreme Court, in the *Hatcher* portion of *Revtai, supra*, held that a defendant can be re-arrested after a favorable preliminary hearing determination provided that it is done within the period prescribed by the statute of limitations for the charges in question and that where the arrest is for a crime which falls under Rule 130, the rule

will apply from the date of the rearrest. As the court noted:

> The error made in *Press, Revtai,* and their progeny, was not in concluding that Rule 130(d) required strict compliance, it was in concluding that a violation of Rule 130(d) triggers a self-executing remedy of dismissal. The time limits established in our Rules *do* require strict compliance, and when such compliance does not exist a defect in procedure has occurred. That defect however then triggers the *separate* and *distinct* analysis as to what is the proper remedy. As we have previously indicated, when a defect occurs under Chapter 100 the remedy is explicitly provided in Rule 150."

*Revtai,* 516 Pa. at 71–72, 532 A.2d at 10.

The court then examined the facts surrounding the prosecution in *Hatcher.* The court noted the record in his case indicated that a complaint was filed the same day as his re-arrest after charges had been previously dismissed for failure of the Commonwealth to establish a *prima facie* case at the original preliminary hearing. Therefore, the court held there was no violation of Rule 130(d), no need to resort to a Rule 150 proceeding and, accordingly, reinstated the judgment of sentence of the Court of Common Pleas.

Contrary to both the viewpoints of the dissent and the Commonwealth, we believe the facts of this case are distinguishable from *Revtai* and *Schimelfenig, supra,* and that the dereliction on the part of the Commonwealth under the circumstances of this case, i.e. the total failure to appear at the initial preliminary hearing, mandates a Rule 150 proceeding to provide the defendant an opportunity to show prejudice. Our conclusion is premised on our belief that failure to appear at a preliminary hearing by the Commonwealth is not a "minor, technical failure to comply" with procedures our Supreme Court addressed in *Revtai,* but rather a fundamental violation of a defendant's right to due process that should warrant dismissal of the complaint. However, in accordance with the Supreme Court's decision in *Revtai,* we hold that it was error to dismiss the charges

herein without such a Rule 150 proceeding and remand accordingly.

The Order of the trial court is vacated and the case is remanded for proceedings consistent with this Opinion.

KELLY, J., dissents.

KELLY, Judge, dissenting:

I respectfully dissent. The majority attempt to distinguish the facts of *Commonwealth v. Hagerman*, 358 Pa. Super. 253, 517 A.2d 189 (1986) and those of the instant case from the facts presented in *Commonwealth v. Hatcher*, 345 Pa.Super. 481, 498 A.2d 925 (1985), and therefore decline to apply the decision of our Supreme Court in *Commonwealth v. Revtai*, 516 Pa. 53, 532 A.2d 1 (1987) (expressly overruling *Hatcher*) to the facts of the instant case. In my opinion, they have not succeeded in distinguishing the cases. In accordance with *Commonwealth v. Revtai, supra,* I would find that the letter and purpose of Pa.R.Crim.P. 130(d) were satisfied and all obligations were thereunder extinguished in this case upon the filing of a complaint and issuance of summons within five days as prescribed by Pa.R.Crim.P. 130(d). I note that any relief from subsequent conduct alleged to demonstrate a lack of "due diligence" on the part of the Commonwealth must be requested in motions brought under other rules of criminal procedure such as Pa.R.Crim.P. 110, Pa.R.Crim.P. 140(d)(1), and Pa.R. Crim.P. 1100 or under the applicable statute of limitation. My reasoning follows.

I.

In *Commonwealth v. Hatcher, supra,* a panel of this Court construed Pa.R.Crim.P. 130(d) to impose upon the Commonwealth a duty to file a "supportable" complaint within five days of release pursuant to Pa.R.Crim.P. 130(b). The panel reasoned further that if a timely complaint under Pa.R.Crim.P. 130(d) was subsequently dismissed at the preliminary hearing, it would be incumbent upon the Commonwealth *to justify the delay in filing a supportable com-*

*plaint* by establishing that due diligence had been expended in connection with the complaint dismissed. *See Commonwealth v. Hatcher, supra,* 345 Pa.Superior Ct. 486, 498 A.2d at 928.

In *Commonwealth v. Hagerman, supra,* the Commonwealth sought to distinguish *Hatcher* based on the fact that the second complaint was filed within five days of the dismissal of the first timely complaint. A panel of this Court rejected the proposed distinction and remanded for a hearing on the due diligence issue. The panel specifically held that: the five day rule of Pa.R.Crim.P. 130(d) was to be calculated from the date of the original release under Pa.R. Crim.P. 130(b); *Hatcher* compelled the conclusion that in order to comply with Pa.R.Crim.P. 130(d), the complaint filed within five days of release must be "supportable;" dismissal of the first complaint did not trigger a new five day period for filing a "supportable" complaint; and therefore, *the failure to file a timely, "supportable" complaint could only be justified by a showing on remand that "due diligence" had been expended in connection with the complaint dismissed. See Commonwealth v. Hagerman, supra,* 358 Pa.Superior Ct. at 256, 517 A.2d at 190–91.

However, in *Commonwealth v. Revtai, supra,* our Supreme Court stated:

The prosecution of Monroe C. Hatcher is somewhat unique, since the Commonwealth in this case *did* timely file the complaint under Rule 130(d). The problem in this prosecution arose when the Commonwealth failed to establish a *prima facie* case at the original preliminary hearing. As noted above the Superior Court reversed, construing Rule 130(d) as establishing 'a time limit within which the Commonwealth must file *supportable* charges,' 345 Pa.Super. at 486–87, 498 A.2d at 928 (emphasis added).

The Superior Court's interpretation of Rule 130(d) is itself without support, and is effectively a rewriting of the rule to include a significant element which the drafters did not deem warranted. It is a fundamental rule of construction

that the letter of the law is 'not to be disregarded under the pretext of pursuing its spirit.' 1 Pa.C.S. § 1921(b). In this case the Superior Court, under the guise of pursuing the spirit of this law, deemed to change the clear letter of the law. This we cannot allow. *Since Rule 130(d) contains no express requirement that 'supportable' charges be filed within five days we will not read that element into it.* Instead, we believe Mr. Hatcher stands in the same position as all other criminal defendants who are subjected to re-arrest after a favorable preliminary hearing determination. *See Commonwealth v. Genovese*, 493 Pa. 65, 425 A.2d 367 (1981). *Thus, a defendant can be re-arrested after a favorable preliminary hearing determination 'provided that it is done within the period prescribed by the statute of limitations for the charges in question.'* *Commonwealth v. Hetherington*, 460 Pa. 17, 23, 331 A.2d 205, 208 (1975). Where the arrest is for a crime which falls under rule 130, the rule will apply from the date of the re-arrest.

In the case of Mr. Hatcher the record indicates that a complaint was filed the same day as his re-arrest. Thus *there was no violation of Rule 130(d),* and no need to resort to a Rule 150 proceeding. Therefore, the judgment of sentence of the Court of Common Pleas of Dauphin County is reinstated.

516 Pa. at 75, 532 A.2d at 11. (Emphasis added).

The majority would distinguish *Hatcher* (and therefore *Revtai*) from *Hagerman* (and the instant case) based upon the *degree* to which the Commonwealth is alleged to have violated its duty of due diligence, *i.e.,* the failure to establish a *prima facie* case at the preliminary hearing (*Hatcher*) compared to the failure to even appear at the preliminary hearing (*Hagerman* and the instant case). The problem with this analysis is that in both *Hatcher* and *Hagerman* the burden of demonstrating "due diligence" was imposed by our Court as the result of the failure to file a "supportable" complaint and *was required solely to justify*

*the delay in filing a "supportable" complaint.* Our Supreme Court has expressly and unequivocally renounced any requirement that a complaint filed pursuant to Pa.R. Crim.P. 130(d) be "supportable." Consequently, I would find that no obligation to justify the dismissal of the first, timely filed complaint with a demonstration of "due diligence" arises under Pa.R.Crim.P. 130(d).

## II.

The majority notes that *allocatur* is still pending in *Hagerman,* despite the fact that *Hatcher* was reversed in *Revtai.* I consider this a singularly inadequate basis for distinction between the cases. *Hagerman* was not decided by this Court until a full year after *Hatcher* was decided in this Court. Consequently, I see nothing unusual in the fact that the Supreme Court decision in *Revtai* (which reversed *Hatcher*) has been handed down, and a Supreme Court decision in *Hagerman* has not. Moreover, it is entirely possible that the issues properly preserved in *Hatcher* might not have been properly preserved in *Hagerman,* thereby complicating review of the *allocatur* petition. Regardless, I am unwilling to ignore the clear holding of *Revtai,* based upon mere speculation that a different holding might be forthcoming in an anticipated Supreme Court decision in *Hagerman.*

## III.

Moreover, I would add that our Supreme Court's decision in *Revtai,* rejecting a requirement that the complaint filed under Pa.R.Crim.P. 130(d) be "supportable," may be explained not only by the command of the rules of statutory construction but also by the *intent* of Pa.R.Crim.P. 130. Upon review and comparison of the rules pertaining to prompt preliminary arraignment as required by Pa.R. Crim.P. 130(a), and the rules pertaining to the filing of a complaint and summons as required by Pa.R.Crim.P. 130(d), I find that each of the purposes of Pa.R.Crim.P. 130 (as a whole) are fulfilled when either a complaint is filed and a

preliminary arraignment is conducted without unnecessary delay, or when an accused is promptly released and a complaint is filed and a summons is issued within five days. I find further that in neither situation are the purposes of Pa.R.Crim.P. 130 (as a whole) thwarted if a complaint filed pursuant to Pa.R.Crim.P. 130(a) or Pa.R.Crim.P. 130(d) is subsequently dismissed at the preliminary hearing, regardless of the reason or reasons for dismissal.

The provisions of Pa.R.Crim.P. 130 are designed to serve two basic functions. First, the rule is designed to put an end to the practice of taking a suspect into custody and holding the suspect for a lengthy period of interrogation and/or detention before presenting the suspect before a judicial officer for an initial determination of probable cause. Second, the rule is designed to ensure that the suspect is informed in a timely manner of the charges against him, his right to an attorney, his right to bail, and his right to a preliminary hearing. *See Commonwealth v. Duncan*, 514 Pa. 395, 402–04, 525 A.2d 1177, 1180–81 (1987); *Commonwealth v. Eaddy*, 472 Pa. 409, 412, 372 A.2d 759, 760 (1977); *Commonwealth v. Davenport*, 471 Pa. 278, 284, 370 A.2d 301, 305 (1977).

Under Pa.R.Crim.P. 130(a), the Commonwealth is required to file a complaint and bring the suspect before an issuing authority for a preliminary arraignment without unnecessary delay. As a result, the suspect is necessarily afforded the protections of Pa.R.Crim.P. 132, Pa.R.Crim.P. 134(a)(2) and (b)(1), and Pa.R.Crim.P. 140.[1] Compliance with

---

1. **Rule 130. Procedure in Court Cases Initiated by Arrest Without Warrant**

     (a) Except as provided in paragraphs (b) and (c), when a defendant has been arrested without a warrant in a court case, a complaint shall be filed against the defendant and the defendant shall be afforded a preliminary arraignment by the proper issuing authority without unnecessary delay.

   **Rule 132. Contents of Complaint**
     Every complaint shall contain:
       (1) The name of the affiant;
       (2) The name and address of the defendant, or if unknown, a description of the defendant as nearly as may be;

*Note 1—Continued*

(3) A direct accusation to the best of the affiant's knowledge, information and belief, that the defendant violated the penal laws of the Commonwealth of Pennsylvania;

(4) The date when the offense is alleged to have been committed; PROVIDED HOWEVER;

(a) If the specific date is unknown, or if the offense is a continuing one, it shall be sufficient to state that it was committed on or about any date within the period of limitations; and

(b) If the date or day of the week is an essential element of the offense charged, such date or day must be specifically set forth;

(5) The place where the offense is alleged to have been committed;

(6)(a) In a court case, a summary of the facts sufficient to advise the defendant of the nature of the offense charged, but neither the evidence nor the statute allegedly violated need be cited in the complaint, nor shall a citation of the statute in the complaint, nor shall a citation of the statute allegedly violated, by itself, be a sufficient compliance with this subsection; or

(b) In a summary case, a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged;

(7) A statement that the acts of the defendant were against the peace and dignity of the Commonwealth of Pennsylvania or in violation of an ordinance of a political subdivision;

(8) A request for the issuance of a warrant of arrest or a summons unless an arrest has already been effected;

(9) A verification by the affiant that the facts set forth in the complaint are true and correct to the affiant's personal knowledge or information and belief, and that any false statements therein are made subject to the penalties of Section 4904 of the Crimes Code (18 Pa.C.S. § 4904), relating to unsworn falsification to authorities; and

(10) The signature of the affiant and the date of the execution of the complaint.

### Rule 134. Issuance of Process Pursuant to Complaint

(a) In any proceeding initiated by complaint, the issuing authority shall ascertain and certify on the complaint that:

(1) The complaint has been properly completed and executed;

(2) There is probable cause for the issuance of process, in the form of an affidavit; and

(3) When prior submission to an attorney for the Commonwealth is required, that an attorney has approved the complaint.

(b) Upon ascertaining the above matters, the issuing authority shall:

(1) Accept the complaint for filing; and

(2) Issue a summons or warrant of arrest as the case may be.

### Rule 140. Preliminary Arraignment

(a) At the preliminary arraignment, the issuing authority shall not question the defendant respecting the offense charged, but shall forthwith deliver a copy of the complaint to him. The issuing authority shall also inform the defendant:

(1) of his right to secure counsel of his choice and his right to assigned counsel in accordance with Rule 316;

those rules ensures fulfillment of the purposes of Pa.R. Crim.P. 130 stated above. Under Pa.R.Crim.P. 130(d), the Commonwealth is required to file a complaint and have summons issued within five days of the suspect's prompt release under Pa.R.Crim.P. 130(b) or Pa.R.Crim.P. 130(c). As a result, the suspect is necessarily afforded the protections of Pa.R.Crim.P. 132, Pa.R.Crim.P. 134(a)(2) and (b)(1), Pa.R.Crim.P. 110, and Pa.R.Crim.P. 112.[2] Compliance with

Note 1—Continued

(2) of his right to have a preliminary hearing; and

(3) if the offense is bailable, of the amount of bail demanded and the types acceptable as provided in these rules.

(b) If the defendant desires to post bail, secure counsel or notify others of his arrest; he shall be held but not be committed to jail until he has been given immediate and reasonable opportunity to do so.

(c) If bail is set, the issuing authority shall accept bail at any time prior to the return of the transcript to the court.

(d) Unless the preliminary hearing is waived by a defendant who is represented by counsel, the issuing authority shall:

(1) fix a day and hour for a preliminary hearing which shall not be less than three nor more than ten days after preliminary arraignment unless extended for cause shown, unless the issuing authority fixes an earlier date upon request of the defendant or his attorney with the consent of the complainant and the attorney for the commonwealth;

(2) give the defendant notice of the time and place of hearing thus fixed; and

(3) afford the defendant a reasonable opportunity to post bail, and if bail is not posted, commit him according to law.

**2. Rule 130. Procedure in Court Cases Initiated by Arrest Without Warrant**

\* \* \* \* \* \*

(b) When a defendant has been arrested without a warrant for driving under the influence of alcohol or controlled substances, the arresting officer may, when he deems it appropriate, promptly release the defendant from custody rather than taking him before the issuing authority.

(c) The Court of Common Pleas of any judicial district may elect, by local rule, to authorize a procedure whereby an arresting officer, when the officer deems it appropriate, may promptly release from custody a defendant who has been arrested without a warrant, rather than taking the defendant before the issuing authority, when the following conditions have been met.

(1) the most serious offense charged is a misdemeanor of the second degree;

(2) the defendant is a resident of the Commonwealth;

(3) the defendant poses no threat of immediate physical harm to any other person or to himself or herself;

those rules likewise ensures fulfillment of the purposes of Pa.R.Crim.P. 130 stated above.

Moreover, the due diligence of the Commonwealth in supporting a timely filed complaint at the preliminary hearing is simply not a subject to which Pa.R.Crim.P. 130 is addressed. No such obligation has ever applied to proceedings commenced under Pa.R.Crim.P. 130(a); consequently, a requirement that the Commonwealth exercise due diligence in supporting a timely filed complaint at the preliminary hearing should not be engrafted by this Court onto the provisions of the alternate procedures authorized by Pa.R. Crim.P. 130(b-d). To do so is to condition an exception to a general rule with requirements not commanded by the letter of the exception or by the reason of the general rule.

> (4) the arresting officer has reasonable grounds to believe that the defendant will appear as required; and
>
> (5) the defendant does not demand to be taken before an issuing authority.
>
> (d) When a defendant is released pursuant to paragraphs (b) or (c), a complaint shall be filed against the defendant within five (5) days of the defendant's release. Thereafter, a summons, not a warrant of arrest, shall be issued and the case shall proceed as provided in Rule 110.
>
> **Rule 132. Contents of Complaint**, *see* note 1, *supra.*
>
> **Rule 134. Issuance of Process Pursuant to Complaint**, *see* note 1, *supra.*
>
> **Rule 110. Contents of Summons: Time of Hearing**
>
> Every summons shall command the defendant, in a court case, to appear before the issuing authority, for preliminary hearing at the place stated therein, at the time fixed therein which shall be not less than twenty (20) days from the date of mailing said summons unless the issuing authority fixes an earlier date upon the request of the defendant or his attorney with the consent of the affiant. The summons shall give notice to the defendant:
>
> (1) Of the right to secure counsel of the defendant's choice and, for those who are with financial resources, of the right to assigned counsel in accordance with Rule 316;
>
> (2) That bail will be set at the preliminary hearing; and
>
> (3) That if the defendant fails to appear at the time and place specified, a warrant will be issued for the defendant's arrest. A copy of the complaint shall be attached to the summons.
>
> **Rule 112. Service of Summons**
>
> The summons shall be served upon the defendant by certified mail, return receipt requested. A copy of the complaint shall be served with the summons.

Thus, based solely upon a review of the applicable rules, I am firmly convinced that the purposes of Pa.R.Crim.P. 130(d) were fulfilled and all obligations under the rule were extinguished in the instant case when a complaint was filed and a summons was issued within the five day period prescribed.

## IV.

If, as here, dismissal of the first complaint is followed by a re-arrest, then Pa.R.Crim.P. 130(d) is again activated and a complaint must be filed and summons must be issued within five days of re-arrest. *Commonwealth v. Revtai, supra,* 532 A.2d at 11. In the instant case, a complaint was filed and a summons was issued on the same day as appellee's re-arrest; hence, no violation of Pa.R.Crim.P. 130(d) occurred. I note that had proceedings been reinstituted by the filing of a complaint and issuance of a summons, without first re-arresting appellee, Pa.R.Crim.P. 130(d) would simply not have applied. *See Commonwealth v. Tait,* 369 Pa.Super. 315, 535 A.2d 176 (1987) (per Olszewski, J.; Wieand and Tamilia, JJ., join).

## V.

In stating that Pa.R.Crim.P. 130(d) does not impose a due diligence requirement on the Commonwealth, I do not suggest that no obligation on the part of the Commonwealth to proceed on the charges exists. Subject to the provisions of Pa.R.Crim.P. 142, a preliminary hearing must be conducted within the time specified by Pa.R.Crim.P. 110 or Pa.R.Crim.P. 140(d)(1). *See Commonwealth v. Donahue,* 357 Pa.Super. 503, 516 A.2d 373 (1986) (construing Pa.R.Crim.P. 140(d)(1) and Pa.R.Crim.P. 142); *id.,* 516 A.2d at 375–76 (same) (Kelly, J., concurring). Likewise, the Commonwealth must comply with the mandate of Pa.R.Crim.P. 1100; and, when due diligence is lacking, the run-date may be calculated from the date of the original complaint. *See Commonwealth v. Whiting,* 509 Pa. 20, 500 A.2d 806 (1985); *Commonwealth v. Simms,* 509 Pa. 11, 500 A.2d 801

500

(1985).   Finally, it is axiomatic that the Commonwealth must file any charges, including re-filed charges, within the applicable statute of limitations period. *See Commonwealth v. Revtai, supra; Commonwealth v. Allem,* 367 Pa.Super. 173, 180, 532 A.2d 845, 848 (1987).   Hence, I find no due process rights implicated by the absence of a due diligence requirement attached to Pa.R.Crim.P. 130(d).

## CONCLUSION

Based upon the foregoing, I respectfully dissent.   I find no violation of Pa.R.Crim.P. 130(d);   consequently, I would vacate the order discharging appellee, reinstate the complaint, and remand for further proceedings not inconsistent with this dissenting opinion.