## Commonwealth v. Chermansky

*Mary MacNeil Killinger, assistant district attorney,* for the commonwealth.

*J. David Farrell,* for defendant.

SUBERS, *J.,* May 20, 1988 —

### PROCEDURAL HISTORY

On July 5, 1987, defendant was arrested and charged with aggravated assault and related

offenses. A preliminary hearing was scheduled for July 21, 1987 at 11:30 a.m. Defendant, his counsel and the affiant, Officer Joseph R. Dewees, were present but the complaining witnesses, James Oney and Lorenzo Masadden, were not. Officer Dewees stated that all witnesses had been duly notified. District Justice Francis Lawrence dismissed the charges. On August 15, 1987, a petition for reinstitution of the criminal charges and for rearrest of defendant was approved by the district attorney. A second preliminary hearing before District Justice Lawrence was scheduled for September 8, 1987 at 11:00 a.m. and, once again, defendant, his counsel and the affiant appeared. After waiting over 45 minutes, the charges were dismissed when the complaining witnesses, who had been notified, failed to appear. The commonwealth provided no excuse for the witnesses' absence. Yet another complaint and rearrest for defendant were issued on December 23, 1987, over four months after the second preliminary hearing. A third preliminary hearing was scheduled for January 22, 1988 at 11:00 a.m. before District Justice Robert Saraceni.* It is unclear from the notes of testimony exactly what transpired at this third scheduled preliminary hearing. It is the court's understanding that this hearing was cancelled because the habeas corpus petition was filed January 20, 1988, thereby staying all proceedings. Defendant's petition for habeas corpus asked that all charges be dismissed against him. After hearing and oral argument before this court, we granted de-

---

* The scheduling of this preliminary hearing with District Justice Saraceni was apparently an inadvertent error as a result of some confusion arising from the fact that at one point Justice Saraceni was sitting for Justice Lawrence. Both the commonwealth and defendant agree that proper venue lies with Justice Lawrence.

fendant's petition for habeas corpus on February 1, 1988 and ordered that the charges against defendant in this case be dismissed. The commonwealth now appeals our order to the Superior Court of Pennsylvania.

## ISSUES

Whether it was an error to grant defendant's petition for habeas corpus and dismiss all charges against him where he had been arrested three times and where at least two attempts to hold a preliminary hearing failed because the complaining witnesses failed to appear.

## FACTS

The facts relevant to defendant's habeas corpus petition are largely procedural and are set forth above. At defendant's first preliminary hearing on July 21, 1987 neither "victim", James Oney nor Lorenzo Masadden, appeared. Officer Joseph Dewees stated that all the victims were notified of the date and time of the hearing. The charges were then dismissed. Approximately five minutes after the dismissal Officer Dewees met one of the "victims", Lorenzo Masadden, along with his mother, Michelle Farrel, and his uncle, John White, outside of the District Justice's building. Michelle Farrel was upset at the dismissal of the charges and went to the police station to have defendant rearrested. James Oney never appeared at this or any subsequent hearing despite his testimony to the contrary. On August 15, 1987, a rearrest was issued for defendant and he voluntarily came to the police station on the new warrant. A second preliminary hearing was scheduled for September 8, 1987 at 11:00 a.m. and once again defendant, his counsel and Of-

ficer Dewees appeared but Masadden and Oney did not. After a 45-minute wait the charges were dismissed because the alleged victims failed to appear. Over three months later on December 23, 1987, a second petition for rearrest was approved by the district attorney. Once again, defendant voluntarily turned himself in to the police. A third preliminary hearing was scheduled for January 22, 1988 at 11:00 a.m. before District Justice Robert Saraceni. However, because a petition for habeas corpus had been filed on January 20, 1988, this hearing was not held. Defendant petitioned for habeas corpus relief and this court granted it on February 1, 1988, on the basis that the repeated rearrests over a five-month period were unwarranted and unreasonable given that there was no realistic possibility that the alleged victims would ever testify at trial. .

## DISCUSSION

In his petition for habeas corpus relief, defendant sets forth the facts as summarized above and asks for a dismissal of all the charges against him in the above-captioned action. Defendant contends that the repeated refiling of charges and rearrests over a five month period have prejudiced him and violated his due process rights. Defendant argues that because the alleged victims have indicated, by their failure to appear for scheduled preliminary hearings for which they received notice, that they do not care to testify. The commonwealth has unreasonably delayed his trial and has no basis on which to prosecute him. We agree.

Pennsylvania Rule of Criminal Procedure 150 provides for the dismissal of a complaint against a defendant because of a defect in the form or content of a complaint, summons, or warrant or a defect in procedure. That rule provides:

"A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, summons, or warrant, or a defect in the procedures of this chapter, unless the defendant raises the defect before the conclusion of the preliminary hearing and the defect is prejudicial to the rights of the defendant."

In *Commonwealth v. Sandly*, 371 Pa. Super. 486, 538 A.2d 546 (1988) our Superior Court recently held that the total failure of the commonwealth to appear at an initial preliminary hearing was not a minor, technical failure to comply, but rather constituted a violation of a defendant's right to due process that should warrant dismissal of the complaint upon rearrest of a defendant on the same charges. The *Sandly* court remanded the case for a proceeding in which the defendant would be given an opportunity to show prejudice and the commonwealth an opportunity to explain its failure to proceed.

In the instant case, a rule 150 proceeding was provided in the form of a hearing on defendant's habeas corpus petition. We heard testimony from one of the alleged victims, James Oney, who stated that he has been present at the preliminary hearings for which he received notice and that he is willing to testify against defendant. The other "victim," Lorenzo Masadden, did not appear to testify at the habeas corpus proceeding although his mother, Michelle Farrel, did. Ms. Farrel testified that she received notice only of the first preliminary hearing and that she, Masadden and John White went to that first hearing on July 21, 1987 but arrived five minutes late to find that the charges had been dismissed. Ms. Farrel also testified that she went to the police the same day to ask that defendant be rearrested. Despite Ms. Farrel's determination to

press charges against defendant, she failed to testify at any subsequently scheduled preliminary hearing.

On the other hand, this court found credible Officer Dewees' testimony that notice was duly given to all commonwealth witnesses. Likewise, we found the testimony of Oney, Farrel and White incredible.

It is the province of the trier of fact to pass upon the credibility of the witnesses and the weight to be accorded the evidence produced. *Commonwealth v. Rose,* 463 Pa. 264, 344 A.2d 824 (1975); *Commonwealth v. Robson,* 461 Pa. 615, 337 A.2d 573 (1975); *Commonwealth v. Smith,* 457 Pa. 638, 326 A.2d 60 (1974). In the instant case, we did not find the testimony of Farrel, White, and especially that of Oney, to be credible. Each gave widely varying accounts of the notice they received and of what occurred at the first preliminary hearing. We have concluded from their testimony, attitudes and demeanor that they do not intend to testify at any preliminary hearing nor at trial. This court was specifically convinced by the fact that although Ms. Farrel has been insistent in having charges filed against defendant and having him arrested three times, she has not seen to it that her son, an alleged victim, be present for the habeas corpus proceeding. Lorenzo Masadden, not Michelle Farrel, is an alleged "victim" in this case. No excuse was given for his absence and we can only assume that he either is no longer interested in pressing charges or just does not want to testify. Given this set of circumstances, we find it unreasonable to allow the commonwealth to continually file charges against defendant. Accordingly, we dismissed all charges against him.

We were also persuaded by defendant's attitude throughout these proceedings. Following both petitions for rearrest, defendant voluntarily turned himself into the Norristown Borough Police. Although

defendant has not been incarcerated during the pendency of these proceedings, he was released on his own recognizance, $2,500 ROR bail. Defendant has appeared for each and every court appearance and has lost valuable time from work. In addition, defendant has hired an attorney to represent him in this matter and has paid a court reporter to be present at these proceedings.

Finally, the delay defendant has suffered is no mere procedural defect. We are convinced that the alleged victims, without whose testimony the commonwealth cannot proceed, do not intend to testify despite their statements to the contrary.

No delay on the part of the prosecution is reasonable, "except that which is necessary for proper preparation and to secure the attendance of witnesses." *Commonwealth v. Gant*, 213 Pa. Super. 427, 249 A.2d 845 (1968), allocatur refused (citing *Commonwealth v. Thomas*, 353 Mass. 429, 233 N.E.2d 25 (1967), quoting 1 Cooley, Constitutional Limitations (8th ed., 646)). Although the delay in the present case is the result of the commonwealth's attempts to secure the attendance of witnesses, it is an unreasonable delay where there is no realistic expectation that the alleged victims will testify. The anxiety, concern, and embarrasment that necessarily attend the repeated filing of criminal charges and rearrest of a defendant must end at some point in time. After two attempts at a preliminary hearing where duly notified commonwealth witnesses do not appear, that time has arrived.

## ORDER

Based upon the foregoing analysis, our order dismissing all charges against defendant upon consideration of his petition for habeas corpus was proper and should be affirmed.