552 A.2d 1128

COMMONWEALTH of Pennsylvania, Appellant,

v.

James Paul CHERMANSKY, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 12, 1988.

Filed Jan. 26, 1989.

Patricia E. Coonahan, Assistant District Attorney, Cheltenhan, for Com., appellant.

Michael J. D'Aniello, Norristown, for appellee.

Before ROWLEY, WIEAND and BECK, JJ.

WIEAND, Judge:

The Commonwealth has appealed from an order granting habeas corpus and dismissing criminal charges against James Paul Chermansky because on two prior occasions the charges were dismissed when essential prosecution witnesses failed to appear for a preliminary hearing.

Chermansky was arrested on July 5, 1987 and charged with aggravated and simple assault, recklessly endangering another person, disorderly conduct, and possessing an instrument of crime as a result of an altercation which had occurred on the preceding day. At the preliminary hearing on July 21, 1987, the complaining witnesses, James Oney and Lorenzo Masadden, failed to appear. Consequently, the charges were dismissed. Chermansky was then rearrested, and a second preliminary hearing was scheduled for September 8, 1987. When the complaining witnesses again failed to appear, the charges were dismissed a second time. Chermansky was then arrested for a third time, but this time he filed a petition for habeas corpus.

At the hearing thereon, Chermansky did not testify or produce evidence. Presenting testimony on behalf of the Commonwealth were Officer Joseph Dewees, a Norristown policeman and the prosecuting officer; James Oney; Michelle Farrell, the mother of Lorenzo Masadden, a juvenile; and John White, an alleged eyewitness. Dewees testified that Oney and Masadden, the alleged victims, had been notified of the first preliminary hearing and had appeared five minutes after the magistrate had dismissed the charges. Dewees testified also that he did not know whether Oney and Masadden had been given notice of the second preliminary hearing. The witnesses confirmed the prosecuting officer's testimony regarding the first preliminary

hearing and testified uniformly that they had not been given notice of the second preliminary hearing. The trial court, however, determined that their testimony was not credible and found that they had no intention of ever testifying against Chermansky. The court said:

Although the delay in the present case is the result of the Commonwealth's attempts to secure the attendance of witnesses, it is an unreasonable delay where there is no realistic expectation that the alleged victims will testify. The anxiety, concern, and embarrassment that necessarily attend the repeated filing of criminal charges and rear-rest of a Defendant must end at some point in time. After two attempts at a preliminary hearing where duly notified Commonwealth witnesses do not appear, that time has arrived.

The habeas corpus petition, therefore, was granted, and the charges against Chermansky were dismissed. The Commonwealth appealed.

■ The law in this Commonwealth is that a defendant may be rearrested after the charges against him have been dismissed at a preliminary hearing so long as the period prescribed by the statute of limitations has not expired. See: *Commonwealth v. Revtai,* 516 Pa. 53, 74, 532 A.2d 1, 11 (1987); *Commonwealth v. Hetherington,* 460 Pa. 17, 331 A.2d 205 (1975). See also: *Commonwealth v. Cartagena,* 482 Pa. 6, 393 A.2d 350 (1978); *Riggins Case,* 435 Pa. 321, 254 A.2d 616 (1969); *McNair's Petition,* 324 Pa. 48, 187 A. 498 (1936); 26 Std.Pa.Prac.2d § 132:160.

The only case to cast doubt on the continuing validity of this rule is *Commonwealth v. Sandly,* 371 Pa.Super. 486, 538 A.2d 546 (1988). There, the prosecuting officer failed to appear to give testimony at a preliminary hearing for a defendant who had been charged with driving while under the influence of alcohol. Consequently, the magistrate dismissed the charges. The defendant, however, was prompt-ly rearrested. After the charges had been returned to court, he filed a petition for writ of habeas corpus in which he asked the court to dismiss the charges because the

complaint had been filed in violation of Pa.R.Crim.P. 130(d).[1] The trial court, without hearing, entered an order dismissing the charges. The Superior Court reversed and remanded for a hearing to determine whether the defendant had been prejudiced because the second complaint had not been filed within the time prescribed by the rule. Such a hearing, the Superior Court held, was mandated by Supreme and Superior Court decisions in *Commonwealth v. Revtai, supra,* and *Commonwealth v. Schimelfenig,* 361 Pa.Super. 325, 522 A.2d 605 (1987). By way of dictum, however, the Court said, "failure to appear at a preliminary hearing by the Commonwealth is not a 'minor, technical failure to comply' with procedures our Supreme Court addressed in *Revtai,* but rather a fundamental violation of a defendant's right to due process that should warrant dismissal of the complaint." *Id.,* 371 Pa.Super. at 490, 538 A.2d at 548. Nevertheless, the Court said, "in accordance with the Supreme Court's decision in *Revtai,* we hold that it was error to dismiss the charges" without a hearing to determine whether there was prejudice. *Id.,* 371 Pa.Superior Ct. at 490–491, 538 A.2d at 548.

The decision in *Sandly* was controlled by the Supreme Court's decision in *Revtai.* Therefore, the expression of the *Sandly* majority's belief that the Commonwealth's failure to appear at a preliminary hearing was a violation of a defendant's right to due process was pure dictum. As such, it is not binding precedent. It did not have the effect of overruling an entire line of cases in this Commonwealth which have held that a criminal defendant may be rearrested after charges against him have been dismissed at a preliminary hearing so long as prosecution is not time barred.

1. Pa.R.Crim.P. 130(d) provides:
    (d) When a defendant is released pursuant to paragraphs (b) or (c), a complaint shall be filed against the defendant within five (5) days of the defendant's release. Thereafter, a summons, not a warrant of arrest, shall be issued and the case shall proceed as provided in Rule 110.

This is not a case in which the Commonwealth has repeatedly rearrested a defendant, against whom it cannot establish a prima facie case, for the purpose of harassing him. Neither is it a case in which the defendant has demonstrated that prejudice resulted from his rearrest. There was no evidence from which the trial court could have found that the Commonwealth intended to harass the defendant or that the defendant sustained prejudice as a result of his being rearrested. Moreover, the circumstances were not such as to permit harassment or prejudice to be inferred solely from the fact that appellant had twice before been charged with the same offenses.

The trial court has explained that its decision was predicated upon a finding that the complaining witnesses did not ever intend to testify against the defendant. This finding is binding upon us only if it is supported by competent evidence. See: *Commonwealth v. Hamlin,* 503 Pa. 210, 215, 469 A.2d 137, 139 (1983); *Commonwealth v. Hall,* 475 Pa. 482, 486–487, 380 A.2d 1238, 1240–1241 (1977); *Commonwealth v. Janiak,* 368 Pa.Super. 626, 629, 534 A.2d 833, 834 (1987). Our review of the record discloses no evidence to support such a finding. The defendant offered no evidence whatsoever, and the trial court's determination that the Commonwealth's witnesses were not credible does not support an affirmative finding that they had no intention of ever testifying against appellant.

The only evidence in this case was that the complaining witnesses had arrived at the first preliminary hearing five minutes after the charges had been dismissed and that they had not been given notice of the second preliminary hearing. The trial court could, as it did, find that the Commonwealth's witnesses were not credible.[2] However, its determination that these witnesses were not credible did not permit a finding, in the absence of affirmative evidence, (1) that the defendant was being harassed; (2) that the complaining witnesses had received notice of the second prelimi-

---

**2.** The trial court did not reject or find unbelievable the testimony of the prosecuting police officer.

nary hearing; (3) that the complaining witnesses did not intend to testify against the defendant; or (4) that defendant had suffered prejudice because of the witnesses failure to appear at the first two preliminary hearings.

■ In the absence of any evidence that the defendant would suffer prejudice or that the Commonwealth was harassing him, we perceive no valid reason for refusing to apply the general rule permitting a defendant to be rearrested after criminal charges have been dismissed at a preliminary hearing.

Reversed and remanded for further proceedings. Jurisdiction is not retained.