## Commonwealth ex rel. Munchinski
## v. District Justice Blair

*Anthony Dedola, special prosecutor,* for the Commonwealth.

*John S. Cupp Jr.,* for defendant.

CICCHETTI, *P.J.,* June 18, 1991—This petition was filed by David J. Munchinski, the alleged victim, through John S. Cupp Jr., petitioner's counsel, captioned "petition for review," based on the Appellate Rules of Procedure.

The court by order queried the standing to appeal and the authority for the same. There is no appeal from a district justice's dismissal of criminal charges, however, the Commonwealth is not barred from refiling charges against defendant, since double jeopardy does not act as a bar to the rearrest. *Commonwealth v. Genovese,* 493 Pa. 65, 425 A.2d 367 (1981).

If the charges against the defendant are dismissed at a preliminary hearing, the defendant is still subject to rearrest for the same charges so long as the period prescribed by the statute of limitations has not expired. *Commonwealth v. Chermansky,* 381 Pa. Super. 129, 552 A.2d 1128 (1989). The Supreme Court of Pennsylvania has held "that the conclusion by a committing magistrate that the prosecution has failed to establish a prima facie case is not a final determination of guilt such as an acquittal." *Commonwealth v. Prado,* 481 Pa. 485, 393 A.2d 8 (1978). Therefore, the Commonwealth is not prohibited from refiling the charges with the original district justice.

## ORDER

And now, June 18, 1991, the petition to appeal is hereby dismissed.