633 A.2d 185

COMMONWEALTH of Pennsylvania, Appellee,

v.

Ernest JONES, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 23, 1993.

Filed Oct. 27, 1993.

602

Spero T. Lappas, Harrisburg, for appellant.

Richard E. Guida, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before OLSZEWSKI, POPOVICH and HESTER, JJ.

POPOVICH, Judge:

■ This case concerns an appeal from the order of the Court of Common Pleas of Dauphin County granting the Commonwealth's petition to re-assign another district justice

to hear charges to be re-filed against the defendant/appellant, Ernest Jones. We affirm.[1]

■ The facts are not in dispute and reveal that on April 19, 1992, the defendant was charged with driving under the influence of alcohol. A preliminary hearing was held before District Justice Magaro, the result of which was a dismissal of the charge for the prosecution's failure to prove that the hospital performing the testing on the defendant's blood was listed as having a laboratory approved by the Pennsylvania Department of Health in the *Pennsylvania Bulletin*. Also, the district justice indicated that he would not entertain a re-filing of the charge. Rather, he advised that any re-filing be conducted before another issuing authority.

Pursuant thereto, the Commonwealth filed a "Petition For Assignment Of An Alternate Issuing Authority" and alleged therein that the law permits a re-arrest of the defendant, after charges have been dismissed at a preliminary hearing, by presenting the same or additional evidence before another district justice. Paragraphs 8 & 10. This course of action was being pursued in accordance with Pa.R.Crim.P. 23(b), which reads:

> (b) The president judge may assign temporarily the issuing authority of any magisterial district to serve another magisterial district whenever such assignment is needed to satisfy the requirements of paragraph (a), to insure fair and impartial proceedings, or otherwise for the efficient administration of justice....

Further, the initial district justice's refusal to hear a re-filed complaint necessitated the appointment of a temporary issuing authority "to insure that a magistrate be available and to insure a fair and impartial proceeding." Paragraphs 11 & 12.

A hearing was held on November 23, 1992, wherein it was stipulated that District Justice Magaro's dismissal of the charge against the defendant was for the Commonwealth's

---

1. Although this appeal is interlocutory, the order is nonetheless appealable. See *Commonwealth v. Shoop*, 420 Pa.Super. 606, 617 A.2d 351, 352 n. 1 (1992); Pa.R.App.P. 311(a)(3).

failure to present evidence of the hospital's certification of a laboratory to perform the testing on the defendant's blood showing over 0.10% blood alcohol level. This, stated the Commonwealth, would be remedied at the second hearing.

Under the Commonwealth's view of the law, a failure to establish a *prima facie* case at a preliminary hearing did not preclude the re-filing of charges regardless of whether it had new evidence to present. The trial court denied the Commonwealth's request for the assignment of an alternate district justice on the basis that "[t]here [wa]s no averment or evidence that the requested assignment [wa]s needed to ensure fair and impartial proceedings or otherwise for the efficient administration of justice as required by Pa.R.Crim.P. 23 and ... *Commonwealth v. Kline,* 521 Pa. 281, 555 A.2d 892 (1989)...."

Upon a motion for reconsideration, the Commonwealth argued that: (1) the law permitted the reinstatement of the charges dismissed at a preliminary hearing before a different magistrate to explore the challenge of the prior dismissal as improper; and (2) District Justice Magaro erred in failing to take judicial notice of the hospital's certification to perform blood-testing in the *Pennsylvania Bulletin.* Paragraph 11. In a Memorandum Opinion that followed, the trial court reversed its earlier order and permitted the Commonwealth to re-file the dismissed charge and re-assigned the case to a different district justice. Thereafter, the defendant filed an appeal questioning the propriety of the order and its entry without prior notice of its issuance *ex parte.*

We begin with the acknowledgement that our Rules of Criminal Procedure do not address re-arrest procedures. See *Commonwealth ex rel. Fitzpatrick v. Mirarchi,* 481 Pa. 385, 392 A.2d 1346, 1350 (1978). Nonetheless, case law in this jurisdiction is settled that a defendant may be re-arrested after the charges against him have been dismissed at a preliminary hearing so long as the period prescribed by the statute of limitations has not expired. *Commonwealth v. Chermansky,* 381 Pa.Super. 129, 552 A.2d 1128, 1129–30

(1989); *Commonwealth v. Tait*, 369 Pa.Super. 315, 535 A.2d 176, 177 (1987). There is a caveat that re-instatement of charges to be heard by an alternate justice cannot be requested where the intent is to harass the defendant. *Commonwealth v. Shoop*, 420 Pa.Super. 606, 617 A.2d 351, 353 n. 3 (1992).

At bar, the Commonwealth asserts that its failure to produce evidence of the hospital's certification to perform bloodwork would be rectified at the re-hearing, and its failure to do so at the initial preliminary hearing was an oversight on its part in that it believed it had the necessary documents in its file when, in truth, they were excluded inadvertently.

In response, the defendant asserts that the law permits the re-filing of dismissed charges "where the dismissal of those charges by the first district justice was improper. When the dismissal was not improper, and where the Commonwealth does not even allege improper dismissal of its Petition for the Assignment of an alternate issuing authority, then such a change of venue and reassignment are not proper." Appellant's Brief at 10. Such is the claim here, so argues the appellant. We disagree.

Our Supreme Court made some remarks in *Liciaga v. Court of Common Pleas*, 523 Pa. 258, 566 A.2d 246 (1989), which we find germane to the case instantly; to-wit:

> The public interest in the safety of our citizens requires that a good faith, albeit premature response to criminal conduct, permits the state to call to task those who would violate our laws and threaten the security of our citizens and their possessions. Therefore, if the Commonwealth is unsuccessful in its first attempt to establish a *prima facie* case, it is not precluded from gathering more evidence to demonstrate that a crime has been committed and that the defendant has probably participated in that conduct. *Commonwealth v. Genovese, supra.*

> \*      \*      \*      \*      \*      \*

From the foregoing, it is apparent that a determination that the Commonwealth has failed to establish a *prima facie*

case does not preclude a reassessment of that judgment before another district justice either by presenting the same evidence or by presenting a case with additional evidence.

\* \* \* \* \* \*

"A finding by a committing magistrate that the Commonwealth failed to establish a *prima facie* case is not a final determination, such as an acquittal, and only entitles the accused to his liberty for the present, leaving him subject to rearrest." *Commonwealth v. Genovese, supra* 493 Pa. [65] at 69 n. 7, 425 A.2d [367] at 369 n. 7, [ (1981) ] *citing Commonwealth v. Hetherington*, [460 Pa. 17, 331 A.2d 205 (1975) ] *supra.* \* \* \* [T]he Commonwealth was free to present the matter before another tribunal if it was satisfied that its evidence was sufficient to establish a *prima facie* case, just as it would have been free to conduct further investigation and to bring additional evidence implicating the defendant in order to satisfy the magistrate. Since our law does not provide an additional avenue to explore the challenge of an alleged improper dismissal of a defendant at the preliminary hearing stage, if the Commonwealth seeks to reinstitute charges, it must refile the same charges before a different magistrate. *Riggins Case,* 435 Pa. 321, 254 A.2d 616 (1969).

523 Pa. at 264–68, 566 A.2d at 249–50.

Consistent with the precepts stated in *Liciaga,* supra, the Commonwealth may seek to reinstate a charge dismissed by a magistrate by re-filing the same charge before a *different* magistrate. Prior to doing so, however, the Commonwealth must either believe that its evidence was sufficient to establish a *prima facie* case or it intends to produce *additional* evidence at the new preliminary hearing. *Id.* Also, we would note that with the institution or reinstitution of any criminal charge, the state must act in "good faith" in doing so and not with any intent to harass. *Id.; Shoop,* supra.

Accordingly, with the preceding in mind, we equate the presentment of the hospital's certification as *additional* evidence not otherwise available to the Commonwealth at the

first preliminary hearing. Further, there is no evidence of "bad faith" on the part of the Commonwealth in not producing the hospital's certification at the initial hearing, nor has the appellant established that the Commonwealth's reason for seeking re-assignment is tantamount to harassment.[2] *Shoop,* supra; *Chermansky,* supra; *Tait,* supra.

Lastly, we hold that the defendant has not been prejudiced by the trial court's entry of its order *ex parte,* especially given the fact that he offers to produce no evidence different than that heard by the court at the November 23, 1992, hearing. The Commonwealth states as much in its brief at 8:

> Appellant argues that President Judge Morgan's Order should be vacated and the case remanded to Judge Morgan.
>
> Such an action is unnecessary because Appellant has failed to allege that he suffered any prejudice. There is no prejudice because Appellant's position was fully heard and considered by the President Judge [at the November 23, 1992, hearing]. At the hearing, Appellant stated that his position is that the Commonwealth is not entitled to a reassessment unless it alleges an improper dismissal. This is identical to Appellant's argument before this Honorable Court. Therefore, Judge Morgan was aware of Appellant's position. [Citations omitted].

We agree. Therefore, finding the commission of no error on the part of the court, we affirm.

Order affirmed.

2. As an aside, we would point out that the district justice acted properly in refusing to take judicial notice of the hospital's certification in the *Pennsylvania Bulletin. Commonwealth v. Culp,* 378 Pa.Super. 213, 548 A.2d 578 (1988).