386 A.2d 101

COMMONWEALTH of Pennsylvania

v.

Karl B. GILBERT, Appellant.

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided April 28, 1978.

580

William C. Wickkiser, Allentown, for appellant.

Wardell F. Steigerwalt, Assistant District Attorney, Allentown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Karl B. Gilbert, after jury trial, was found guilty of the charge of operating a motor vehicle while under the influence of intoxicating liquor. Following the denial of post-trial motions and sentencing (a fine of $400.00 and costs of prosecution), he filed the instant direct appeal to our Court. The appellant raises three allegations of error in contending that he is entitled to a new trial.

■ First, appellant maintains that the lower court erred in permitting an analytical chemist to testify as to the results of an analysis of appellant's breath, when the test was performed by another individual. The record shows that the test was performed in the presence of the witness and under his supervision. Moreover, the witness observed and checked each step of the process as well as all calculations of the employee performing the analysis. Under these circumstances the testimony was properly admitted and appellant's first allegation of error is without merit.

■ Next, appellant contends that the results of a Mobat Sobermeter should not have been admitted as there was allegedly no proper foundation established for the introduction of such evidence. In *Commonwealth v. Sweet*, 232 Pa.Super. 372, 375, 335 A.2d 420, 422 (1975), our Court recognized the following as necessary elements to establish a foundation for admission of results from a chemical intoxication test:

1. The test was administered by qualified personnel.
2. The equipment used was approved by the Secretary of Transportation.
3. The test was performed at the direction of a police officer having reasonable grounds to believe the test subject to have been driving while under the influence of intoxicating liquor.

In the instant case, the officer who administered the test testified that he had taken a course of instruction for use of the Mobat Sobermeter and had been certified to administer its tests. Such testimony was sufficient to satisfy the first element of *Commonwealth v. Sweet, Id.* As to the second element, we note that the Mobat Sobermeter, Model No. 2 (the model used in this case) has been approved by the Commonwealth's Secretary of Transportation, which fact is declared in 1 Pa.Bulletin 289. The trial court took judicial notice of this fact as it was required to do by the Commonwealth Documents Law.[1] In addition, the analytical chemist, referred to earlier in this Opinion, testified that the Mobat device was approved by appropriate state authorities. Thus, it is evident that the second requirement was met in establishing a basis for admission of the Mobat Sobermeter test results. Finally, we must determine whether the officer who directed that the test be performed had probable cause to believe the appellant to have been driving under the influence of intoxicating liquor. The record clearly shows that element to have been satisfied. Police were called at night to a residence by the owner, who reported that a light colored car had come off of the street and onto his lawn, where the driver struck a brick wall in efforts to extricate the car from the yard. A visitor in the home gave chase and was able to obtain the license number and identify the car as a tan Mercury. The officers who eventually ordered the Sobermeter, while investigating the complaint, saw the car passing by the residence. The car was followed by the police who observed it being driven erratically. Eventually the car stopped and defendant emerged from the driver's seat. He staggered and stumbled and experienced difficulty in traversing an incline. When an officer asked to speak to the defendant, the latter, who had a strong odor of alcohol about his person, told the officer to "go away." Based upon

1. At the time of trial, the provisions of the Act of July 31, 1968, P.L. 769, § 604, 45 P.S. § 1604, provided for such judicial notice of the contents of the Pa. Bulletin. Since then, that section has been repealed and similar provisions may be found in the Act of July 9, 1976, P.L. 877, No. 160, § 1, 45 Pa.C.S.A. § 506 (Special Pamphlet).

all of these facts, there was clearly probable cause to order sobriety tests, and there was no error in the introduction of the results of those tests at trial.

In his last allegation on appeal, appellant contends that reversible error occurred when the trial judge charged the jury to the effect that they could consider the fact that the defendant had a vital interest in the outcome of the case. The court's charge, in that respect, is almost identical in language to a charge which met with the approval of this Court in *Commonwealth v. Dolny*, 235 Pa.Super. 241, 342 A.2d 399 (1975). We therefore reject the appellant's final claim of error.

Affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.