548 A.2d 578

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**David H.G. CULP.**

Superior Court of Pennsylvania.

Submitted May 16, 1988.

Filed Sept. 26, 1988.

214

Robert F. Palermo, Dallastown, for Com., appellant.

John G. Bergdoll, III, York, for appellee.

Before OLSZEWSKI, WATKINS and CERCONE, JJ.

CERCONE, Judge:

This is a Commonwealth appeal from an order by which the lower court granted appellee's motion to suppress a hospital record containing the results of his blood alcohol test taken immediately following his arrest for driving under the influence of alcohol. Following a hearing on appellee's omnibus pre-trial motion, the lower court held that the Commonwealth had not met its burden of going forward with the evidence, or the burden of establishing that the evidence was not obtained in violation of the appellee's rights. As a result, Judge McCullough suppressed the evidence for use at trial.

This case arose from the following facts. On January 30, 1987, Officer Blair of York Township found the appellee, David Culp, in his pickup truck which was stuck in a snow bank. The officer testified that after speaking with appellee he detected a strong odor of alcohol on appellee's breath, that appellee's speech was slurred, and that appellee had a difficult time maintaining his balance.

Because of the above factors, Officer Blair arrested appellee, read his *Miranda* rights, and asked him to submit to a blood alcohol test. Appellee allegedly consented to the test and was taken to Memorial Osteopathic Hospital (hereinafter "hospital") where he signed a consent form. The test yielded a blood alcohol level of .195% by weight. Appellee was then taken to the police station, read his rights again, and videotaped as he was interviewed and performed field sobriety tests.

On July 31, 1987, appellee filed an omnibus pre-trial motion in which, *inter alia,* he moved to suppress the results of the blood alcohol test. He challenged the manner in which the test result was obtained and specifically alleged that the result was obtained in violation of his rights

under the statutes and laws authorizing such tests and under the constitutions of the United States and the Commonwealth of Pennsylvania. The suppression hearing took place September 3, 1987.

At the suppression hearing, the Commonwealth asked the court to take judicial notice [1] that the laboratory conducting the test was a licensed and approved laboratory under the Clinical Laboratory Act, 35 Pa.S.A. § 2151, *et seq.*, and the attendant regulations of the Department of Health. 28 Pa.Code §§ 5.50 & 5.103. Further, the Commonwealth requested the Court to take judicial notice of a letter from the Department of Health which related that its approval of the lab means that the procedures, equipment, and personnel are properly qualified and approved to do the tests as mandated by the Clinical Laboratory Act. Appellee objected to judicial notice of such letter and the inferences asserted by the Commonwealth. The court sustained the objection. The Commonwealth provided no evidence in response to appellee's claim other than reference to the *Pennsylvania Bulletin,* 17 Pa.Bull. 1397, 1398, in which the hospital was cited as a facility approved for specialized blood testing. The Commonwealth presented neither witnesses to testify to the licensing or authorization of the lab or the technicians, nor evidence regarding the laboratory procedures followed in blood testing, or the qualifications of the lab technicians.

The suppression court concluded that the Commonwealth had failed to meet its burden of proof as set forth in Pa.R.Crim.P., Rule 323, 42 Pa.C.S.A.. The lower court reasoned that the Commonwealth had failed to have a custodian or other qualified witness enter the documents into evidence as required by the Uniform Business Records as Evidence Act, 42 Pa.C.S.A. § 6108, and, accordingly, granted appellee's motion to suppress. This appeal fol-

1. The hospital was listed as an approved facility in the Pennsylvania Bulletin. The contents of the Pennsylvania Bulletin are proper subject of judicial notice. *See* 45 Pa.C.S.A. § 506 (Special Pamphlet).

lowed.[2]

Rule 323, *supra,* provides:

a) The defendant or his attorney may make a motion to the court to suppress any evidence alleged to have been obtained in violation of defendant's rights.

d) The motion shall state specifically and with particularity the evidence sought to be suppressed, the grounds for suppression, and the facts and events in support thereof.

h) The Commonwealth shall have the burden of going forward with the evidence and of establishing that the challenged evidence was not obtained in violation of the defendant's rights. The defendant may testify at such hearing, and, if he does so, does not thereby waive his right to remain silent during trial.

i) At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law as to whether the evidence was obtained in violation of these rules or any statute, and shall make an order granting or denying the relief sought.

On appeal, the Commonwealth argues that the lower court erred in suppressing the evidence without the allegation or showing of a constitutional violation. While the appellee's pretrial motion contained allegations of constitutional violation, it centered on the question of whether evidence which has been gathered in derogation of a statutory mandate may be suppressed.

The Vehicle Code, 75 Pa.C.S.A. § 101 *et seq.,* provides statutory requirements for the admissibility of chemical tests taken to determine blood alcohol content. It provides that test results are admissible if conducted with equipment of a type approved by the Department of Health and operated by qualified personnel. *Id.* § 1547(c). Further:

(2) Chemical tests of blood ... shall be performed by a clinical laboratory licensed and approved by the Department of Health for this purpose using procedures and

2. The Commonwealth's right to appeal an adverse suppression order was affirmed in *Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382 (1985).

equipment prescribed by the Department of Health. For purposes of blood and urine testing, qualified person means an individual who is authorized to perform those chemical tests under the act of September 26, 1951 (P.L. 1539, No. 389), known as "The Clinical Laboratory Act." [35 P.S. § 2151 *et seq.*]

*Id.* Hospital records are generally admitted at trial as an exception to the hearsay rule under the Uniform Business Records as Evidence Act, *supra,* to show a fact rather than opinion. *See Commonwealth v. Seville,* 266 Pa.Super. 587, 405 A.2d 1262 (1979); *Commonwealth v. Campbell,* 244 Pa.Super. 505, 368 A.2d 1299 (1977). Blood alcohol test results have been deemed fact rather than opinion for admissibility purposes. *See Commonwealth v. Seville, supra.* However, the act requires that the test results may be admitted only if the custodian or other qualified witness testifies to its identity and the mode of its preparation and, in the court's discretion, the method and time of preparation.

 The Commonwealth contends that the question of the accuracy of the blood test result and its admissibility under the Business Records Act were not properly before the suppression court and were issues to be decided at trial. This claim is based on its contention that only claims of constitutional violation in the gathering of evidence are the proper subject of a suppression proceeding.

We need look only to the language of and comments to Rule 323, *supra,* to resolve this issue. Subsection (i) requires the suppression court, at the close of the hearing, to make findings of fact and conclusions of law as to whether the evidence was obtained in violation of the defendant's rights, or in violation of the rules of procedure or any statute and to make an order granting or denying the relief sought. The comments to Rule 323 reveal that this rule originally extended coverage to violation of the fourth, fifth and sixth amendments of the Constitution of the United States. But, in 1977, the rule was revised to permit use of the suppression motion to test admissibility of evidence

where the issue was the method by which the evidence was obtained.

This extension of the use of Rule 323 is logically consistent with constitutional claims as a due process claim may be proven by a showing that the state has failed to follow the rules of procedure or other statutory requirements. *Commonwealth v. Povish*, 479 Pa. 179, 387 A.2d 1282 (1978); *Commonwealth v. Simmons*, 295 Pa.Super. 72, 440 A.2d 1228 (1982). Therefore, we find no error on the part of the lower court in entertaining appellee's challenge to the method used by the Commonwealth in gathering the blood results in this case.

■ Having thus resolved, we now must determine whether the Commonwealth met its burden of proof at the suppression hearing. Subsection (h) of the rule mandates that the Commonwealth carries the burden of production and persuasion, *Commonwealth ex rel. Butler v. Rundle*, 429 Pa. 141, 239 A.2d 426 (1968), to establish by a preponderance of the evidence that the evidence was properly obtained. *See also Commonwealth v. Davis*, 491 Pa. 363, 421 A.2d 179 (1980); *Commonwealth v. Ryan*, 300 Pa.Super. 156, 446 A.2d 277 (1982). At the suppression hearing, the Commonwealth merely referred to the *Pennsylvania Bulletin* to prove that the blood tests were performed by authorized personnel using approved procedures in an approved facility. We agree with the lower court that mere reference to the *Pennsylvania Bulletin* was not sufficient to satisfy the Commonwealth's burden. The bulletin merely is dispositive of the fact that the Department of Health approved the hospital's laboratory for testing purposes. In his pretrial motion, appellee alleged that the blood sample was not taken "at a relevant time," that the laboratory equipment used "was not properly calibrated and tested for accuracy or in accordance with properly promulgated laws and regulations," that the testing was not performed by persons licensed and approved, that the manner of testing was not as specified by the laws and regulations of the Commonwealth of Pennsylvania, and that he did not volun-

tarily consent to the testing. These claims were sufficiently specific to require a more detailed response from the Commonwealth than mere reference to the fact that the hospital where the blood tests were taken was a facility approved by the Department of Health.

The requirement for admissibility of evidence obtained by chemical testing can be compared to the requirements for admitting evidence obtained by search warrant. In determining whether the Commonwealth has gone forward with the evidence this court has stated:

> The burden is on the Commonwealth to establish the validity of the search warrant and the burden is not carried by merely introducing the search warrant and affidavit with no supporting testimony because then the only way for the defendant to challenge the veracity of the information is to call witnesses himself and this effectively shifts onto him the burden of disproving the veracity of the information, an almost impossible burden ... [If this was allowed] then policemen could recite in an affidavit as probable cause for the issuance of the warrant any and all statements which they felt were of help in obtaining the warrant, irrespective of the truth ... realizing that such statements would be insulated from defendant's cross examination ...

Commonwealth v. Iannaccio, 304 Pa.Super. 307, 314, 450 A.2d 694, 698 (1982) (quoting Commonwealth v. Ryan, 296 Pa.Super. 222, 229, 442 A.2d 739, 743 (1982)). Additionally, when the defendant specifically complains of the defects in the warrant or its execution, he thereby alerts the Commonwealth of a particularized burden of proof on those objections. To satisfy that burden the Commonwealth must introduce witnesses subject to the defendant's cross examination. Commonwealth v. Iacavazzi, 297 Pa.Super. 200, 443 A.2d 795 (1982).

In determining whether publication in the Pennsylvania Bulletin was sufficient to meet the Commonwealth's burden, we look to the applicable statutes and rules. The Clinical Laboratory Act, supra, was enacted to ensure

clinical laboratory testing is accurately performed by competently supervised professionals. *Masland v. Bachman,* 473 Pa. 280, 374 A.2d 517 (1977). Furthermore, "[t]he Act requires that clinical laboratories obtain permits, operate under a qualified supervisor, and satisfy regulations promulgated by the Department [of Health] regarding the adequacy of equipment, facilities and laboratory procedures." *Bachman, supra,* 473 Pa. at 285, 374 A.2d at 520. The foundation necessary to introduce evidence of chemical intoxication tests is: (1) the test is administered by qualified personnel; (2) the equipment used is approved by the Department of Health; and (3) the test is at the direction of a police officer having reasonable grounds to believe the person to have driven while under the influence. *Commonwealth v. Sweet,* 232 Pa.Super. 372, 375, 335 A.2d 420, 422 (1975). *Cf. Commonwealth v. Gilbert,* 254 Pa.Super. 579, 386 A.2d 101 (1978) (*Sweet* test applied to facts of case to determine admissibility of test results).

Applying these standards to the facts before us, we conclude that the Commonwealth failed to meet its burden of production and persuasion at the suppression hearing. Accordingly, the Order of the court below is affirmed.