

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-18-2006

# Thomas v. Varner

Precedential or Non-Precedential: Precedential

Docket No. 04-2856

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Thomas v. Varner" (2006). *2006 Decisions.* Paper 1672.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1672

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2856

———

CLAYTON THOMAS

v.

BEN VARNER, SUPERINTENDENT; THE DISTRICT ATTORNEY OF THE
COUNTY OF PHILADELPHIA; THE ATTORNEY GENERAL OF THE STATE OF
PENNSYLVANIA,

Appellants

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cv-04778)
District Judge: Honorable Bruce W. Kauffman

———

Argued April 22, 2005

Before: ROTH, FUENTES, and STAPLETON, Circuit Judges.

(Opinion Filed: November 4, 2005 )

Helen T. Kane (Argued)
Assistant District Attorney
Thomas W. Dolgenos
Chief, Federal Litigation
Ronald Eisenberg
Deputy District Attorney
Arnold H. Gordon
First Assistant District Attorney
Lynne Abraham

District Attorney
1421 Arch St.
Philadelphia, PA 19102-1582

ATTORNEYS FOR APPELLANTS

Daniel Silverman (Argued)
1429 Walnut St.
Suite 1001
Philadelphia, PA 19102

ATTORNEY FOR APPELLEE

_____

**ORDER AMENDING PUBLISHED OPINION**

_____

FUENTES, <u>Circuit Judge</u>

IT IS NOW ORDERED that the published Opinion in the above case filed November 4, 2005, be amended as follows:

On page 16, beginning on the tenth line of the page, delete the two sentences and footnote that follow "<u>Id.</u>"  Replace the deleted text and footnote with the following:

> Here, Fuller testified that the detective insisted that he look "real good" at the photograph of Thomas after failing to get an identification on several prior occasions.  The Commonwealth notes that the detective's trial testimony conflicted directly with Fuller's account of the identification.  However, the Commonwealth declined to develop the record further before the Magistrate Judge, despite the opportunity to do so.  Accordingly, the Commonwealth did not establish by a preponderance of the evidence that the photo array was not improperly suggestive.  At the hearing before the Magistrate, the relevant issue was whether or not a motion to suppress would have been successful in the state court if Thomas's trial counsel had made such a motion.  If trial counsel had filed a suppression motion, the burden would have been on the Commonwealth to establish that Fuller's identification was not the result of undue suggestiveness.  <u>See</u> Pa. R. Crim. P. 581(H) ("The Commonwealth shall have the burden of going forward with the evidence and of establishing that the challenged evidence was not

2

obtained in violation of defendant's rights."); <u>Commonwealth v. Culp</u>, 548 A.2d 578, 581 (Pa. Super. 1988).  Because the Commonwealth did not carry its burden, the Magistrate did not err in accepting Thomas's position.


By the Court,


<u>/s/ Julio M. Fuentes</u>

Dated:         January 18, 2006


3