J-A23018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONELL MICHAEL MURRAY, | |
| Appellant | No. 1666 WDA 2018 |

Appeal from the Judgment of Sentence Entered October 24, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009537-2017

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED DECEMBER 16, 2019**

Appellant, Ronell Michael Murray, appeals from the judgment of sentence of 3-12 years' incarceration, imposed following his conviction for possession with intent to deliver ("PWID") and possession of a controlled substance.[1] Appellant challenges the trial court's denial of his motion to suppress, as well as the admission of hearsay evidence during the suppression hearing. After careful review, we affirm.

> At the suppression hearing, Pittsburgh Police Detective John Henson testified that on April 10, 2017, he received a telephone call from Allegheny County Detective Romano and three FBI special agents requesting that Detective Henson go to Magee Hospital to pick up Appellant. [N.T. Suppression, 8/2/18, at 4-5.] Detective Henson testified that Detective Romano told him Appellant "had an active state parole violation warrant for his arrest." [*Id.* at 5.] Detective Romano informed Detective Henson

---

[1] 35 P.S. §§ 780-113(a)(30) and (a)(16), respectively.

that [he] had searched NCIC, an electronic database widely used by law enforcement personnel, and [that] the database confirmed that Appellant had a state parole violation warrant. [***Id.*** at 5-6.] Detective Henson arrested Appellant and found heroin, cash and a cell phone on a search incident to arrest. [***Id.*** at 7.] Next, the Commonwealth produced Exhibit One, which Detective Henson identified as the active warrant for Appellant's arrest filed through the Pennsylvania State Correctional Institution and submitted to NCIC. [***Id.*** at 7-8.] Detective Henson testified that NCIC would not show a probation violation that did not include an arrest warrant. [***Id.*** at 10.]

Trial Court Opinion ("TCO"), 4/15/19, at 3.

The Commonwealth charged Appellant with PWID-heroin and possession of heroin on October 2, 2017. He filed a timely suppression motion on May 16, 2018. Following a hearing held on August 2, 2018, the trial court denied Appellant's motion to suppress. The parties proceeded to a stipulated, non-jury trial that began on October 22, 2018. On October 24, 2018, the trial court convicted Appellant on both counts. The court sentenced him to 36-144 months' incarceration for PWID-heroin, and to no further penalty for the possession offense.

Appellant filed a timely notice of appeal, and a timely, court-ordered Pa.R.A.P. 1925(b) statement. On April 15, 2019, the trial court issued its Rule 1925(a) opinion. Appellant now presents the following questions for our review:

I. Under the Federal and Pennsylvania Constitutions, police must have a valid warrant at the time they arrest an individual. The Commonwealth did not present any physical evidence that a warrant existed before [Appellant]'s arrest, and there was no evidence to support an exception to the warrant requirement. Accordingly:

Did the Commonwealth's testimony that a non-testifying detective heard that a warrant existed fail to establish probable cause to arrest [Appellant]?

II. The Commonwealth presented a detective's testimony concerning a statement by another, non-testifying detective about information received by phone about the existence of an arrest warrant for [Appellant] prior to his arrest. Accordingly:

Did the trial court abuse its discretion since such testimony was inadmissible hearsay as it exceeded the scopes of course of conduct and present sense impression testimony?

Appellant's Brief at 5.

Essentially, Appellant argues that the Commonwealth failed to establish at the suppression hearing that a warrant to arrest Appellant existed prior to his arrest by Detective Henson. Because Pennsylvania does not recognize a good faith exception to the warrant requirement,[2] Appellant contends that the fruit of that ostensibly illegal arrest, *i.e.*, the seized heroin, should have been suppressed, even if Detective Henson had reasonably relied on the information he received from Detective Romano. Alternatively, Appellant contends that the only evidence of the existence of the warrant—Detective Henson's testimony regarding the information he received from Detective Romano—was inadmissible hearsay.

We begin by noting:

Our standard of review in addressing a challenge to a trial court's denial of a motion to suppress is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the

---

[2] "Article I, Section 8 of the Pennsylvania Constitution does not incorporate a 'good faith' exception to the exclusionary rule." ***Commonwealth v. Edmunds***, 586 A.2d 887, 905–06 (Pa. 1991).

prosecution prevailed in the suppression court, we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn from them are in error.

*Commonwealth v. Bell*, 871 A.2d 267, 271 (Pa. Super. 2005) (citations omitted).

In addition, "[i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony." *Commonwealth v. Elmobdy*, 823 A.2d 180, 183 (Pa. Super. 2003). The suppression court is also entitled "to believe all, part or none of the evidence presented." *Commonwealth v. Benton*, … 655 A.2d 1030, 1032 ([Pa. Super.] 1995). Finally, at a suppression hearing, the Commonwealth has the burden of "establish[ing] by a preponderance of the evidence that the evidence was properly obtained." *Commonwealth v. Culp*, … 548 A.2d 578, 581 ([Pa. Super.] 1988).

*Commonwealth v. Galendez*, 27 A.3d 1042, 1046 (Pa. Super. 2011).

Instantly, Appellant argues:

[Detective] Henson lacked personal knowledge about state parole warrants and relied on the statement of a non-testifying witness who had received information over the phone that a warrant existed. This testimony amounts to nothing more than a good faith belief that a warrant existed prior to arrest. As such, the Commonwealth failed to establish that police had an arrest warrant or an applicable exception to detain [Appellant], and the trial court's order denying suppression must be reversed.

Appellant's Brief at 11.

The trial court determined that a valid warrant existed prior to

Appellant's arrest:

This [c]ourt found the Detective's testimony credible that Appellant had an active warrant. The undisputed evidence

- 4 -

indicates that Appellant had an active warrant but the officer who looked at NCIC personally was not called as a witness. Appellant's argument that this testimony is required is incorrect. The officer's testimony was more than sufficient to support a finding that the officer knew that a warrant was outstanding for Appellant's arrest.

TCO at 4. The Commonwealth agrees with the trial court, adding that "the prosecution not only offered testimony from Detective John Henson, the arresting officer, that established that he had knowledge of the outstanding warrant at the time of arrest, but it also produced a copy of the warrant itself." Commonwealth's Brief at 7.

At the suppression hearing, the Commonwealth's burden was to establish that the arrest was lawful by a preponderance of the evidence. *See Culp*, 548 A.2d at 581. A copy of the warrant issued by the Commonwealth of Pennsylvania Board of Probation and Parole was entered into evidence at the suppression hearing as Commonwealth Exhibit 1. N.T., 8/2/18, at 7-8.[3] The warrant is dated April 10, 2017, the date of Appellant's arrest. The document is time-stamped 8:10 p.m., which was when it was faxed to Detective Henson. However, the document does not specifically indicate a time when it was issued. Thus, Appellant argues that it is possible that the warrant could have been issued after he was arrested.

Detective Henson testified, however, that the only way Appellant would show up in the NCIC system is if a warrant had, in fact, already been issued. *Id.* at 9-10. The trial court found this evidence credible based on its own experience with the NCIC system. *Id.* at 14. Moreover, the trial court

_____

[3] Appellant provides a copy of the warrant as Appendix D to his brief.

- 5 -

necessarily found Detective Henson's testimony credible that he only effectuated the arrest warrant after learning of its existence in the NCIC system from Detective Romano.

We agree with the trial court that this evidence was sufficient to satisfy the Commonwealth's burden of proof. A warrant was issued on the day of Appellant's arrest, and Detective Henson received word that Appellant was in the NCIC system, therefore demonstrating that a warrant had already been issued. While it is possible that Detective Henson was mistaken or lying, the trial court was free to find instead that his testimony was credible. **See Elmobdy**, 823 A.2d at 183. Furthermore, while the Commonwealth failed to produce *absolute proof* of the warrant's existence prior to Appellant's arrest, we ascertain no abuse of discretion in the trial court's determination that it was more probable than not that it had been, in the circumstances of this case. **See Commonwealth v. $6,425.00 Seized From Esquilin**, 880 A.2d 523, 529 (Pa. 2005) ("A preponderance of the evidence [standard] is tantamount to a 'more likely than not' standard."). Accordingly, we conclude that Appellant's first claim lacks merit.[4]

---

[4] Appellant asserts that our decision to affirm under the facts of this case "would all but eviscerate the warrant requirement under the Pennsylvania and Federal Constitutions as the Commonwealth, in lieu of producing the warrant, could merely present a witness who heard another claim to know of … a warrant for the defendant's arrest at some unspecified time prior to a search or arrest." Appellant's Reply Brief at 4 (footnote omitted). We disagree. Here, the Commonwealth produced an arrest warrant issued on the same day of Appellant's arrest. Thus, the trial court did not solely rely on Detective

Next, Appellant contends that the trial court erred when it overruled his hearsay objection to Detective Henson's testimony regarding the communication he received from Detective Romano.

> In reviewing a trial court's ruling on the admissibility of evidence, our standard of review is one of deference. Questions concerning the admissibility of evidence are within the sound discretion of the trial court, and its discretion will not be reversed absent a clear abuse of discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. Furthermore, if in reaching a conclusion the trial court overrides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

*Commonwealth v. Thompson*, 106 A.3d 742, 754 (Pa. Super. 2014) (cleaned up).

"Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement." *Commonwealth v. Laich*, 777 A.2d 1057, 1060 (Pa. 2001). Hearsay is inadmissible, *see* Pa.R.E. 802, unless an exception applies, *see e.g.*, Pa.R.E. 803, 803.1, 804.

The trial court admitted Detective Henson's testimony as non-hearsay and/or under the presence-sense-impression exception to the hearsay

---

Henson's testimony or the hearsay elements contained therein in determining that the warrant existed. Instead, the court relied on Henson's testimony in conjunction with the warrant to establish the additional fact that it was more likely than not that the warrant was issued prior to Appellant's arrest. We do not suggest by our decision today that we would reach the same conclusion had the Commonwealth failed to produce a warrant at the suppression hearing, or if the warrant clearly evidenced that it had been issued after the arrest.

- 7 -

requirement. *See* TCO at 4; Pa.R.E. 803(1) ("A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it."). However, we find it unnecessary to address the admissibility of Detective Henson's testimony regarding his conversation with Detective Romano in the circumstances of this case, as it is clear that, even if inadmissible to prove the existence of the warrant, we agree with the Commonwealth that any error was harmless because the warrant itself was introduced at the suppression hearing.

> Harmless error exists if the state proves either: (1) the error did not prejudice the defendant or the prejudice was *de minimis*; or **(2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence**; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

***Commonwealth v. Burno***, 154 A.3d 764, 787 (Pa. 2017) (cleaned up) (emphasis added).

The Commonwealth argues:

> [I]t should be noted that where the result at a suppression hearing would have been the same with or without the inadmissible evidence, the error in admitting the evidence is deemed to be harmless. Here, Judge Rangos, immediately upon announcing her decision that she was denying suppression, indicated that she found significant "the fact that the warrant is dated on the day that [Appellant] was arrested" [N.T. Suppression at 19]. The Commonwealth would submit that, even absent Detective Romano's statement made prior to [Appellant]'s arrest that there was an active warrant for him, there was sufficient proof of the warrant's existence-namely, the warrant itself dated April 10, 2017, which, as established previously, the prosecution entered

into evidence at the hearing. Thus, because suppression would not have been proper even without the at-issue statement, any error in admitting it would have been harmless.

Commonwealth's Brief at 16-17.

We agree with the Commonwealth. The at-issue hearsay testimony about the warrant was largely duplicative of the evidence of the warrant itself. Moreover, hearsay testimony is generally admissible to prove that an officer had probable cause to arrest, because

> [t]here is a vast difference between the sufficiency of hearsay information necessary to show probable cause for an arrest and the factors relating to admissibility of hearsay evidence to prove an accused's guilt at trial. The test for probable cause to arrest is not one of certainties, but rather of probabilities dealing with the considerations of everyday life.

*Commonwealth v. Jenkins*, 431 A.2d 1023, 1025 (Pa. Super. 1981) (quotation marks omitted).

This reasoning applied in *Jenkins* regarding hearsay evidence tending to support a showing of probable cause also applies to the evidence of the existence of a warrant in the context of the Commonwealth's burden of proof at a suppression hearing. Thus, the Commonwealth was only required to prove that it was more likely than not that the warrant existed prior to Appellant's arrest. To the extent that the at-issue testimony was admitted for the truth of the matter asserted as Appellant contends, any such error was harmless where, here, the actual warrant for Appellant's arrest was also admitted at the suppression hearing and was "substantially similar to the

erroneously admitted evidence."[5]  **Burno**, 154 A.3d at 787.  Accordingly, we deem any error in the admission of the hearsay testimony regarding the warrant to be harmless.

Judgment of sentence **affirmed**.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/16/2019

---

[5] We acknowledge that the admitted warrant did not specify the time when it was issued.  However, Appellant has failed to provide any case law suggesting that such specificity is required beyond a date of issuance, the presence of which is undisputed in this case.  Moreover, the warrant did not contain a time or date of issuance that was at odds with Detective Henson's testimony, as the 8:10 p.m. transmission time was not inconsistent with the warrant itself having been issued prior to Appellant's arrest.  Accordingly, the physical evidence—the warrant—was substantially similar to the evidence of the same provided by Detective Henson's testimony.