**Weltman v. Commonwealth**

*Richard M. Hughes III, assistant district attorney,* for the Commonwealth.
*John P. Moses,* for defendants.

TOOLE, *P.J.,* August 12, 1992—The above named defendants, Harold Weltman and Mary Weltman, seek writs of habeas corpus. The matter has been briefed and argued and is now ripe for resolution.

On or about February 13, 1992, criminal complaints were issued against Harold Weltman and his wife, Mary Weltman, charging them with manufacturing a controlled substance in violation of 35 P.S. §780-113(a)(30) and possession of a controlled substance contrary to 35 P.S. §780-113(a)(16) and criminal conspiracy, 18 Pa.C.S. §903. The district justice, after a preliminary hearing, denied motions to dismiss the charges and found that the Commonwealth had established a prima facie case against each defendant on all charges.

The proper procedure to test the validity of a district justice's finding of a prima facie case is a petition for a writ of habeas corpus. *Commonwealth v. Hetherington,* 460 Pa. 17, 331 A.2d 205 (1975).

In this case defendants contest the sufficiency of the affidavit of probable cause contending: (1) there is no specific allegation or representation concerning a conspiracy; (2) the affidavit, as it relates to Harold Weltman, does not allege that he is "a person not registered under this Act, or a practitioner not registered or licensed by the appropriate state board...." The defendants also attack the complaint as vague and failing to contain all the essential elements of the offenses, and that it fails to state which subsection of the conspiracy provision was allegedly violated. Defendants also complain of restrictions upon counsel's examination of witnesses at the hearing.

The essential facts are not in dispute. On February 1, 1992, the Kingston Police Department received a call for assistance to gain entrance to a residence located at 778 Nancy Drive, Kingston, Luzerne County, Pennsylvania, from one Janet Kauffer. The residence is owned by the Weltmans and Kauffer was overseeing the property while Weltmans were vacationing in Florida. When she was unable to gain access to the residence, she contacted the police for assistance. The officers responded and after obtaining entry to the residence, the police, at the request of Kauffer, checked the residence for intruders. During that check, the police observed what was believed to be numerous marijuana plants and above them special lighting and watering fixtures. A search warrant was secured and executed and, as a result, the police seized 45 suspected marijuana plants with roots, suspected marijuana leaves, stems and seeds. Also found was fertilizer, lighting system, watering system, electric timing device,

smoking devices containing suspected marijuana residue, five metal canisters containing suspected marijuana, a weight scale, a metal strainer with suspected marijuana residue, drug paraphernalia, various documents showing occupancy and ownership of the premises as that of Harold and Mary Weltman, and $142.75 in U.S. currency. The suspected marijuana was field tested with positive results.

In addition to the above facts, all of which were established at the preliminary hearing, the prosecutor in the case also testified as to statements made by Dr. Weltman and his wife, Mary Weltman. The doctor admitted that he was aware of the plants growing in the basement and claimed that he was doing chemical research for his dentistry. Mary Weltman also indicated that she was aware of the plants growing in the basement and had in fact utilized them to secure relief from certain physical or medical conditions.

We first address the contentions concerning the conspiracy charges. At the outset, we note that at the initiation of the preliminary hearing the Commonwealth amended the complaints and the charge specified at that time as well as specified in the information is a conspiracy under section 903(a)(1). We also note that after reviewing the affidavit of probable cause as a whole we believe that the allegations are sufficient to establish what may ultimately be found as a conspiratorial relationship between these defendants.

Dr. Weltman's pivotal contention is that, as a licensed dentist, he is exempt from violation of the sections charged

in this case. This argument is premised upon certain definitions contained in the Act as well as the exemption language of the sections allegedly violated. We do not read or interpret the Act as broadly as Dr. Weltman.

The sections allegedly violated by these defendants provide that the following Acts and the causing thereof are prohibited:

"(16) knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this Act or a practitioner not registered or licensed by the appropriate state board....

"(30) except as authorized by this Act, the manufacture, delivery or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this Act or a practitioner not registered or licensed by the appropriate state board...."

Several other definitions are pertinent to the arguments presented to us:

"'Practitioner' means:

"(i) a physician, osteopath, dentist, veterinarian, pharmacist, podiatrist, nurse, scientific investigator or other person licensed, registered or otherwise permitted to distribute, dispense, conduct, research with respect to or to administer a controlled substance, other drug or device in the course of a professional practice or research in the Commonwealth of Pennsylvania....

"'Manufacture' means the production, preparation, propagation, compounding, conversion or processing of

a controlled substance,... but does not include the activities of a practitioner who, as an incident to his administration or dispensing such substance or article in the course of his professional practice, prepares, compounds, packages or labels such substance or article...."

Dr. Weltman argues that since he is a licensed dentist he is a "practitioner" as defined in the Act and thus exempt from prosecution for violation of either of these sections. We disagree.

There is no question that Dr. Weltman has been properly licensed by the Pennsylvania Bureau of Professional and Occupational Affairs as a dentist. However, because he has been licensed by that department as a dentist does not, in our opinion, authorize him to violate or otherwise exempt him from complying with any of the provisions of the Drug Act.

We note, first, that to be exempt one must be registered or licensed by the "appropriate state board." A reading of the statute demonstrates that the appropriate state board is the Department of Health of the Commonwealth of Pennsylvania and that there are specific requirements for registration and exemption from the provisions of this Act. Simply because a physician, dentist, veterinarian, etc., may be licensed to practice a particular specialty does not authorize the individual to violate the spirit and/or the letter of the Act.

We have reviewed the Act and definition set forth in an effort to ascertain and effectuate the intention of the General Assembly. Without question the legislature in-

tended to prohibit the unlawful manufacture, use, and distribution of controlled substances. We do not believe the legislature ever intended to nor does the statute permit any dentist or other medical practitioner to manufacture, distribute, sell or use controlled substances for any reason. Again, we believe the only persons exempt from these provisions are those who have been registered with and are authorized by the Department of Health.

We also reject the defendants' contention that the Commonwealth failed to allege and/or prove all the required elements of the offenses charged. The affidavit in the instant case and the evidence presented shows more than mere presence and knowledge by the parties of the existence of the plants in the residence. It shows care, attention and employment by both parties of the substance and an apparent conscious intent to exercise dominion over the plants. There are also sufficient facts alleged and proved to establish a conspiratorial relationship between the parties. Accordingly, we find the evidence sufficient to warrant each defendant being brought to trial on a charge of conspiracy.

We also reject defendants' contention that the Commonwealth failed to prove that he was not a practitioner registered or licensed by the appropriate state board. While it is true that Dr. Weltman is a licensed dentist, we do not believe it was incumbent upon the Commonwealth at the preliminary hearing to establish that he was not registered or licensed by the appropriate state board under the Act. We also feel there was no error in refusing

to allow the defendants to pursue these issues at the preliminary hearing because such issues raise defenses and as such are not relevant at that stage of the proceedings.

In addition, we do not believe that the defendants were denied an effective preliminary hearing because of any restrictions upon cross-examination of any witness. Since the record before us contains sufficient evidence to establish a prima facie case, we need not and do not address the other evidentiary issues raised by the defendants.

Having concluded that the record presented to us was more than sufficient to warrant the return of the matter to court for trial, we enter the following

## ORDER

After hearing and review of the briefs filed in support and opposition to the motion, it is ordered, adjudged and decreed that the rule issued in the above matter is discharged and the motions for writ of habeas corpus are denied and dismissed.