J-A01040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ETHAN DANIEL MAIHLE, | : | |
| | : | |
| Appellant | : | No. 1040 WDA 2016 |

Appeal from the Judgment of Sentence June 28, 2016
in the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000694-2015

BEFORE:    BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED APRIL 19, 2017**

Ethan Daniel Maihle (Appellant) appeals from the judgment of sentence imposed on June 28, 2016, following his convictions for driving under the influence of alcohol or a controlled substance (DUI)—general impairment, DUI—high rate of alcohol, and one violation of the motor vehicle code governing general lighting requirements—headlamps, 75 Pa.C.S. § 4303 (section 4303).  We affirm.

The charges in this matter stem from an incident that occurred at approximately 8:40 in the evening of May 14, 2015.  Chief Thomas S. Schwab of the City of Parker Police Department observed a pickup truck, later determined to be driven by Appellant, swerving within its lane before pulling into a parking lot.  Chief Schwab further observed that the truck's headlights were not illuminated, although the fog lights and daytime running

*Retired Senior Judge assigned to the Superior Court.

lights were turned on. After he was pulled over, Appellant submitted to field sobriety tests and, ultimately, was placed under arrest for DUI, and the summary offenses of careless driving and violating section 4303. A blood test later showed that Appellant's blood alcohol concentration (BAC) was 0.137%.

On December 7, 2015, Appellant filed an omnibus pretrial motion to suppress, raising a single suppression issue: the charges against him should be dismissed because a constable involved in his arrest "did not have the authority to enforce motor vehicle laws." Appellant's Omnibus Pretrial Motion to Suppress, 12/7/2015, at 1 (unnumbered). The motion also included a petition for writ of *habeas corpus*. Appellant's argument as to that portion of the motion, in its entirety, is as follows. "It is believed and averred that the testimony provided by [the arresting officers] did not meet the standard required (*prima facie* case) at the Preliminary Hearing and cannot be sufficient therefore." **Id.** at 2 (unnumbered).

A hearing was held and, by order dated February 19, 2016, the trial court determined that the Commonwealth had not met its burden of proof with respect to the summary offense of careless driving and dismissed that charge. However, the court denied Appellant's motion in all other respects. In denying Appellant's petition for writ of *habeas corpus* with respect to section 4303, the trial court took judicial notice, *sua sponte*, of the time of sunset on the night at issue. Trial Court Opinion, 2/19/2016, at 5 n.1.

On May 2, 2016, this matter proceeded to a non-jury trial as to the remaining three charges. During trial, the Commonwealth presented in its case-in-chief a document from the U.S. Naval Observatory's Astronomical Applications Department which stated that sunset in Parker on May 14, 2015, occurred at 8:29 p.m. N.T., 5/2/2016, at 12. The trial court admitted this evidence over Appellant's objection. *Id.*

On May 3, 2016, the trial court found Appellant guilty of two counts of DUI and one violation of section 4303. On June 28, 2016, Appellant was sentenced. The trial court determined that the two DUI convictions merged and imposed a term of incarceration of not less than 45 days nor more than 6 months at the greater charge, DUI—high rate of alcohol. The court imposed a fine, costs and fees for the section 4303 violation. Appellant did not file post-sentence motions, but timely filed a notice of appeal. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

Appellant raises three issues for this Court's review, which we have reordered for ease of disposition.

I. Whether the honorable trial court erred in failing to grant Appellant's omnibus pretrial motion in the nature of a motion to dismiss or writ of *habeas corpus*?

II. Whether the [trial] court erred in taking judicial notice of the time of sunset in Parker, Pennsylvania on the date of the alleged offense Thursday, May 14, 2015?

III. Whether [section] 4303(a) is unconstitutionally vague?

Appellant's Brief at 4 (suggested answers and unnecessary capitalization omitted).[1]

Appellant first contends that the trial court erred in denying his pretrial motion for writ of *habeas corpus*.  It is well-established that an accused may challenge the sufficiency of the Commonwealth's evidence at the pretrial stage through a petition for a writ of *habeas corpus*. ***Commonwealth v. Hetherington***, 331 A.2d 205 (Pa. 1975). However, the failure to establish a *prima facie* case at a hearing on a petition for writ of *habeas corpus* is immaterial when, at trial, the Commonwealth satisfies its burden by proving the offense beyond a reasonable doubt. ***Commonwealth v. Ricker***, 120 A.3d 349, 353 (Pa. Super. 2015) (citation omitted) (holding that "errors at a preliminary hearing regarding the sufficiency of the evidence are considered harmless if the defendant is found guilty at trial"); ***see also Commonwealth v. Troop***, 571 A.2d 1084 (Pa. Super. 1990) (noting that once a defendant has been convicted at trial, any defect in the preliminary hearing has been satisfied).

Here, Appellant proceeded to trial where the Commonwealth presented evidence and the trial court, sitting as factfinder, determined that the evidence was sufficient to convict him of all charges. Accordingly, Appellant is not, at this juncture, entitled to relief on his challenge to the

---

[1] The issues included in Appellant's statement of questions involved are identical to those raised in his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Commonwealth's establishment of a *prima facie* case at the hearing on Appellant's petition for writ of *habeas corpus*. Thus, we find Appellant's first issue to be moot.

In his second issue, Appellant argues that the trial court erred in taking judicial notice of the time of sunset on the date of the alleged offense. Appellant's Brief at 22-27. Specifically, Appellant contends that, absent the trial court's decision to *sua sponte* take judicial notice of this fact, the Commonwealth was unable to make a *prima facie* case that section 4303 had been violated, rendering illegal the vehicle stop and Appellant's subsequent arrest. **Id.**

Based on our review of the record, the court took judicial notice only in the opinion issued following the hearing on Appellant's petition for writ of *habeas corpus*. Trial Court Opinion, 2/19/2016, at 5 n.1. At trial, the Commonwealth submitted, and the trial court accepted as evidence, information regarding the time of sunset. Although Appellant objected to the admission of this evidence, he does not challenge on appeal any errors that occurred at trial, focusing instead on the court's earlier decision to take judicial notice *sua sponte*. As previously explained, any defect that occurred at the time of the omnibus pretrial hearing on Appellant's motion for a writ of *habeas corpus* was cured at trial. Accordingly, Appellant is not entitled to relief on this issue.

J-A01040-17

The final issue listed in Appellant's statement of questions involved is whether section 4303[2] is unconstitutionally vague. Appellant's Brief at 4. However, in Appellant's lengthy argument on this point, he actually assails the constitutionality of the language of 75 Pa.C.S. § 4302(a)(1) (section 4302), which governs periods for requiring lighted lamps on motor vehicles.[3] *Id.* at 7-21. In so doing, Appellant contends that he was charged under the wrong statute and asks this Court to vacate his judgment of sentence on this basis. *Id.* at 19-20. Because Appellant makes no discernible argument as to the constitutionality of section 4303, we find this claim waived as underdeveloped. *Commonwealth v. Gibbs*, 981 A.2d 274, 284 (Pa. Super.

---

[2] The relevant portion of section 4303 states

> **(a) Head lamps.--**Every vehicle, except trailers, operated on a highway shall be equipped with a head lamp system in conformance with regulations of the department. The regulations shall not prohibit a bus from being equipped with devices used to carry pedalcycles on the front of the bus.

75 Pa.C.S. § 4303(a).

[3] The relevant portion of section 4302 states

> **(a) General rule.--**The operator of a vehicle upon a highway shall display the lighted head lamps and other lamps and illuminating devices required under this chapter for different classes of vehicles, subject to exceptions with respect to parked vehicles, at the following times:
>
> > (1) Between sunset and sunrise.

75 Pa.C.S. § 4302(a).

- 6 -

2009) ("It is Appellant's obligation to sufficiently develop arguments in his brief by applying the relevant law to the facts of the case, persuade this Court that there were errors below, and convince us relief is due because of those errors. If an appellant does not do so, we may find the argument waived.").[4]

Further, because Appellant has failed to preserve in the trial court any challenge to the constitutionality or applicability of section 4302, or his contention that he was charged under the wrong statute, and instead raises those issues for the first time on appeal, we find those claims waived as well. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Judgment of sentence affirmed.

---

[4] We note that, even if Appellant had properly preserved this issue, he would not prevail on appeal. The plain language of section 4303 places persons on notice that, with limited exception, all vehicles operated on a highway shall be equipped with a headlamp system. This language is not "so vague that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application." **Commonwealth v. Mayfield**, 832 A.2d 418, 423 (Pa. 2003).

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 4/19/2017