J-S05037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALEX JORDAN HASTINGS | : | |
| | : | |
| Appellant | : | No. 1034 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 22, 2021
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000019-2021

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                 **FILED: APRIL 13, 2022**

Appellant, Alex Jordan Hastings, appeals from the Judgment of Sentence entered on July 22, 2021, in the Court of Common Pleas of Adams County following his bench trial convictions of two counts of Driving Under the Influence of marijuana ("DUI"). After careful review, we affirm.

On April 13, 2020, the Pennsylvania State Police arrested Appellant for driving while under the influence of marijuana. Appellant admitted that he had smoked marijuana approximately two hours before driving, and subsequent blood test results proved the presence of marijuana and active and inactive marijuana metabolites in his blood. Additionally, Appellant possessed a valid medical marijuana card. The Commonwealth charged Appellant with three counts of DUI.

On April 12, 2021, Appellant filed a pretrial Petition for Writ of *Habeas Corpus* challenging the sufficiency of the Commonwealth's evidence to prove

a *prima facie* case against him. He argued that "because [Appellant] was legally taking his prescribed medication as directed, there is not *prima facie* evidence that [Appellant] operated a motor vehicle with any amount of a Schedule I controlled substance in his blood." Petition, 4/12/21, at ¶ 7. The court denied Appellant's petition the following day and Appellant did not petition this Court for review.

At Appellant's bench trial on July 22, 2021, Appellant and the Commonwealth stipulated to the above facts. At the conclusion of trial, the court convicted Appellant of two counts of DUI, one for Appellant's driving with a Schedule I controlled substance in his blood, and the other for driving with a metabolite of a Schedule I controlled substance in his blood. **See** 75 Pa.C.S. §§ 3802(d)(1)(i), 3802(d)(1)(iii). The court sentenced Appellant on the same day to six months' probation. Appellant timely filed a Notice of Appeal and both he and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises a single issue for our review:

> Whether the trial court erred in finding Appellant guilty of a DUI for having any amount of a controlled substance in his system, when the only substance was marijuana, which he had valid medical marijuana card for.

Appellant's Br. at 6.

Initially we observe that Appellant's argument on appeal is broader than the single issue he raised and preserved in his Rule 1925(b) Statement. In his Rule 1925(b) Statement, Appellant queried "whether the trial court erred in denying Appellant's 'Petition for Writ of *Habeas Corpus*' to the two counts of

DUI—Controlled Substance, when Appellant possessed a valid medical marijuana card." Pa.R.A.P. 1925(b) Statement, filed 8/16/21. On appeal, Appellant argues that the trial court "erred when it did not either grant Appellant's 'Petition for Writ of *Habeas Corpus*' or find Appellant not guilty of DUI after the stipulated bench trial, because the only substance in his system was marijuana, which he had a valid medical marijuana card for." Appellant's Br. at 9. The latter portion of Appellant's argument implicates the sufficiency of the Commonwealth's evidence. Appellant waived this issue by failing to raise it in his Rule 1925(b) Statement. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement . . . are waived.").

Appellant argues that the trial court erred by denying his pretrial Petition for Writ of *Habeas Corpus* challenging the Commonwealth's *prima facie* case. Appellant's Br. at 9. It is well-established that an accused may challenge the sufficiency of the Commonwealth's evidence at the pre-trial stage through a petition for a Writ of *Habeas Corpus*. **Commonwealth v. Hetherington**, 331 A.2d 205, 209 (Pa. 1975). The denial of such a petition is not immediately appealable as of right, and the defendant must petition this court for review. **Commonwealth v. Ricker**, 120 A.3d 349, 353 (Pa. 2015) *disapproved of on other grounds by* **Commonwealth v. McClelland**, 233 A.3d 717 (Pa. 2020). Where the defendant instead proceeds to trial and is convicted, any deficiency in the Commonwealth's pretrial ability to establish a *prima facie* case is not reviewable. **See Commonwealth v. Wilson**, 172 A.3d 605, 610 (Pa. Super.

2017) (observing that the appellant's "conviction at trial precludes this Court from reviewing his pretrial *habeas* issues.").

Since Appellant proceeded to trial rather than seek review from this Court of the trial court's denial of his pretrial Petition for Writ of *Habeas Corpus*, we are precluded from reviewing the only issue Appellant preserved for our review. As a result, we affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed.

President Judge Panella joins the memorandum.

Judge Stabile concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/13/2022